## AMBASSADOR CHOCOLATE CO. v. CHOCOLATE PRODUCTS CO.

(District Court, D. Maryland. May 6, 1922.)

### No. 275.

**Trade-marks and trade-names and unfair competition ⚏70(2)—Cherry design on box, different from that of plaintiff, held not unfair competition.**

   Where defendant, after plaintiff had established a large trade in chocolate-covered cherries, which it marketed in a box having on the outside a design of cherries and leaves, adopted for marketing its chocolate-covered cherries a box having a different shape and having thereon a design of cherries, which was different in appearance from the design on plaintiff's box, there was no invasion of plaintiff's legal rights.

In Equity. Suit by the Ambassador Chocolate Company against the Chocolate Products Company. Bill dismissed.

Blades, Rosenfeld & Frederick and J. Wallace Bryan, all of Baltimore, Md., for complainant.

George W. Lindsay, of Baltimore, Md., for defendant.

ROSE, District Judge. The plaintiff and defendant are rival makers of chocolate candy. In the late fall of 1921 the defendant purposed to

put on the market a package to be sold for 5 cents, which it originally intended should contain two cherries, in cordial, each incased within a chocolate covering. Subsequently it concluded that it would cost too much to furnish two cordial cherries, and for one of them it substituted a cream chocolate, cherry flavored, containing a fragment of a cherry. It had a box manufacturer design a very neat and attractive box, upon which rather large-sized cherries and leaves were displayed. It first put its goods on the market about December 27th, and they at once came into large demand; the sales, in the four months which have since elapsed, being between 3,500,000 and 4,000,000 of such packages.

The defendant at once became interested. It hunted up the box maker, and got estimates on similar boxes. It, however, objected to the price he charged. The box maker notified the plaintiff of what had happened. The plaintiff sent a warning notice to the defendant, telling it that it had learned that it was purposing to infringe upon its rights, and giving it notice that, if it did, the plaintiff would take the matter into court. The defendant did put a box on the market, which had cherries on it, too. It contained two cordial cherries, incased in chocolate. The box, however, had not the same shape as the plaintiff's, which was, to appearance, cubical, although it was not quite as high as it was long and broad. The defendant's was oblong, and so appeared to the eye. The cherries on it, except that they were cherries, did not resemble those on plaintiff's box.

It is, of course, evident that the defendant wanted to share the market which the plaintiff had discovered. What it would have done, had it not received the warning, no one can tell. In view, however, of the fact that cherries, of every form and design, had been used on the outside of boxes before, and were the natural thing to put on boxes which contained cherries, I do not find that the defendant did anything which it had not the legal right to do. There was no holding out of its goods as those of the plaintiff. Unquestionably the defendant has largely cut into plaintiff's trade, but that I am persuaded is not due to the box, or to the method of display adopted by defendant, for its box not only is different, but is, to my eye, distinctly less attractive than that of its adversary, but to the fact that it is furnishing two whole cherries in cordial, with their appropriate chocolate coverings, while the plaintiff gives but one cordial cherry and a part of another cherry in cream.

The bill must therefore be dismissed.