**ROCHELLE ASPARAGUS COMPANY,**
Plaintiff,

v.

**PRINCEVILLE CANNING COMPANY,**
Defendant.

**Civ. A. No. P-2101.**

United States District Court
S. D. Illinois, N. D.

March 6, 1959.

John Gibson Semmes, Washington, D. C., Edwin J. Sommer, Jr., Peoria, Ill., Gerald Fearer, Oregon, Ill., Miller, Thomas, Hickey & Collins, Rockford, Ill., for plaintiff.

Hill, Sherman, Meroni, Gross & Simpson, Chicago, Ill., John R. Schnebly, Miller, Westervelt & Johnson, Peoria, Ill., for defendant.

MERCER, Chief Judge.

This is an action under 28 U.S.C. § 1338(a) for injunctive relief and damages against and for alleged copyright infringement, unfair trade practices and unfair competition.

In summary, the complaint alleges that plaintiff, Rochelle, an Illinois corporation, has developed and owns a copyrighted label, entitled "Rochelle Brand Green Asparagus Spears", which it uses in the marketing of canned whole-spear asparagus. (Copyright Certificate No. KK–10812.) The complaint further alleges that defendant, Princeville Canning Company, commencing with the spring canning season of 1957, infringed plaintiff's said copyright by publishing and placing upon the market cans of asparagus bearing a label entitled "Royal Prince Asparagus Spears", which said label was copied largely from plaintiff's copyright and thereby infringing plaintiff's copyright and engaging in unfair trade practices and competition to plaintiff's injury. The complaint prays, inter alia, that defendant be enjoined from further use of its allegedly infringing label and that plaintiff be awarded damages sustained as a consequence of defendant's use thereof.

In its answer filed March 24, 1958, defendant, inter alia, admitted that it had packed and marketed long spear asparagus bearing its "Royal Prince" label as alleged in the complaint, but denied that its said label was copied in any manner from plaintiff's copyrighted label, that its label had in any manner infringed any of plaintiff's copyright rights and that it had engaged, or is engaging, in any unfair trade practices or unfair competition against plaintiff. Affirmatively, by answer, defendant avers that its label was independently created by it without reference to any label of plaintiff. That said label had been created for defendant by the use of a photograph made by Louis Roesch Co., of San Francisco, of an arrangement of asparagus spears of the type packed in defendant's cans upon which the label is used. It averred further that it is an old and common practice to label food products with a photolithographic, or other process, representation of the contents of the container to which the label is applied and that such was defendant's procedure in the design and preparation of the label of which complaint is made here; and that, in all instances, defendant's label has been clearly marked to show the source of origin of the product offered for sale, to-wit: "Princeville Canning Company, Princeville, Illinois".

The cause was tried, commencing on January 12, 1959. The only issues for decision are (1) whether defendant's label infringes upon plaintiff's copyrighted label, and (2) whether defendant's label is so deceptively similar to plaintiff's label as to constitute unfair trade practices and unfair competition.

A descriptive comparison of plaintiff's label with defendant's label, though not determinative of either the copyright question or the unfair competition question, will serve as a departure point for the statement of certain basic legal principles which apply to decision of those questions.

When the flat labels, disengaged from a can, are considered, it is seen that an impression of similarity is immediately created. The similarity, however, grows out of two over-all features of the two labels, namely, their size and their "all-over background" or "all-around vignette" of essentially whole asparagus spears. There the similarity ends. Both labels are brightly colored but differ greatly in the choice of colors used. The top and bottom borders of plaintiff's label are solid black, while the comparable border of defendant's label is wine colored, or reddish-purple. Coloration of the all-over asparagus background differs also. Light green predominates on defendant's label background with shading of light and darker brown. The asparagus forming the background of plaintiff's

label is marked by a predominantly blue-green color, with extensive shading of the head of each spear in reddish-brown hues.

In other respects the labels are dissimilar. Plaintiff's label includes one prominent over-all feature for which defendant's label has no corresponding counterpart whatsoever, namely, a simulated white ribbon disposed from left to center and from right to center across the asparagus-spear background, and there joined by a simulated white roseate. The tradename, identification of the product, weight, processing information and identity of plaintiff as the packer are printed upon the simulated ribbon and roseate of plaintiff's libel in dark blue and red lettering, so disposed that printed matter extends to essentially every part of the simulated ribbon and roseate. In the lower left corner of the flat label, printed upon the asparagus spears in black, appears plaintiff's copyright notice.

On defendant's label, the tradename, identity of product and processing information are printed in white, light green and yellow lettering upon the background of a wine colored, or reddish purple, triangular plaque positioned approximately one inch above the bottom and one inch from the left margin of the asparagus background. The weight of the contents of the can is printed in red lettering and centered below the plaque. The identity of the packer is printed in red lettering directly upon the asparagus background, beginning approximately one inch to the right of the reddish-purple plaque. The right one-third, approximately, of defendant's label is devoid of any lettering or feature other than the asparagus background and the top border thereof.

When viewed as placed upon a can, no matter how the can bearing plaintiff's label be turned, a part of the simulated ribbon, and/or roseate, and a part of plaintiff's tradename or other identifying writing is always visible. On the other hand, the can bearing defendant's label might be so disposed that defendant's tradename and all descriptive information would be obscured.

With the exception of the tradenames "Rochelle" and "Royal Prince" upon plaintiff's and defendant's labels, respectively, and the copyright notice on plaintiff's label, every printed legend upon each label is descriptive of either the character or content of the product, or of the origin thereof.

It is readily apparent that plaintiff can assert infringement of its copyright only in the use by defendant of the single feature of the "all-over-background" or "all-around-vignette" of asparagus spears. Plaintiff cannot assert an exclusive right to pack and sell asparagus spears, or to display upon its sales containers pictorial representations of that commodity. To succeed upon its claim of copyright infringement, therefore, it must prove either that defendant actually copied that feature of plaintiff's label or that plaintiff's presentation of the commodity is fanciful and of a unique character not suggested by the commodity itself. In the latter case under circumstances, copying might be presumed from a close assimilation of the fanciful presentation.

Neither alternative is proved here. Defendant began packing whole-spear asparagus as a new product in the spring season of 1957, and developed its label of which complaint is made specifically for the marketing of that product. Defendant concedes that it had notice of plaintiff's label. From correspondence in evidence it appears that defendant found plaintiff's label attractive and sought to give to its own label an equal attractiveness. But the evidence is undisputed that Louis Roesch Co., of San Francisco, upon defendant's order and direction, procured Southern California asparagus spears, photographed the same and from that beginning produced the photolithographed label which defendant now uses on its cans of whole-spear asparagus. The color pictures of its label constitute an adaptation of a purple color previously used by defendant on its "Royal Prince" product labels to comple-

ment the green color of the asparagus background.

There is nothing fanciful or unique in plaintiff's presentation of what might be termed a wall or fence of asparagus spears, and no circumstance which would require a presumption of copying from defendant's prior notice of plaintiff's label. From stipulated evidence, it appears that an "all-over-vignette" of upright asparagus spears was used as a label for cans of whole spear asparagus at least as early as 1912, and that the "all over background" or "all around vignette" label is today commonly used in marketing fruits, vegetables and other foodstuffs.

The impact of the age of the "all around vignette" idea in labelling is inherently reflected in plaintiff's principal contention of copyright infringement. Thus, plaintiff contends that originality of the asparagus feature of its label, and, ergo, its exclusive right to the use of that feature, is shown by the evidence that plaintiff was the first to successfully apply the new process of photolithography to the production of an "all-around vignette" label. This argument is not persuasive, unless plaintiff can assert, and it does not do so, that it owns the exclusive right to use the photolithographic process.

■■ A copyright does not give to the owner thereof an exclusive right to use the basic material, but only the exclusive right to reproduce his individual presentation of the material. So long as there is no copying, either actual or implied, the copyright owner has no cause for complaint if a later artist produces an identical presentation of the material by his independent efforts. See, Gordon v. Weir, D.C., 111 F.Supp. 117; 18 C.J.S. Copyright and Literary Property § 101. Before copyright infringement may be found there must be proof of copying. E. g., Mathews Conveyer Co. v. Palmer-Bee Co., 6 Cir., 135 F.2d 73; Fred Fisher, Inc. v. Dillingham, D.C., 298 F. 145; Trifari, Kurssman & Fishel, Inc. v. B. Steinberg-Kaslo Co., D.C., 144 F.Supp. 577. As the Court points out in the latter case, even though the alleged infringer may get the idea for his work from a copyrighted work, there is no copyright infringement unless the copyrighted work itself has been copied. That proposition is especially true where the allegedly infringing material is limited to a pictorial representation of a commonly known vegetable which is attached as a label upon containers in which that vegetable is packed.

Plaintiff relies principally upon the decision in Kitchens of Sara Lee, Inc. v. Nifty Foods Corp., D.C.D.N.Y., 116 U.S. P.q. 292, which may be distinguished from the case at bar on two bases. First, in Sara Lee there was positive evidence that defendant instructed its engraver to copy the principal features of copyrighted labels which plaintiff used on cakes; and, secondly, much of the material of plaintiff's labels was fanciful, including certain serration of lines in vignettes and the figure of a woman which were closely simulated in features of defendant's cake labels. See also, Silvers v. Russell, D.C., 113 F.Supp. 119.

In the case at bar the evidence conclusively negates any finding of copying. Also, there is not here involved any similar production or reproduction of fanciful material, which would compel a presumption of copying from the fact of defendant's prior notice of plaintiff's label, coupled with assimilation of the fanciful material. For example, the case would be a different one had defendant in its label assimilated the ribbon and roseate feature of plaintiff's label, since the latter feature is a fanciful one having no relationship to the commodity produced.

Neither has plaintiff sustained its burden of proving confusion in the trade or unfair trade practices in the use by defendant of its label. Plaintiff's evidence of confusion was limited principally to the testimony of two witnesses. Thus a Mrs. Reedy testified that, while shopping in a Jewel Tea Store, she took a can of asparagus from a storage shelf and upon returning home discovered that it was the product of defendant rather than that of plaintiff which she had been ac-

customed to purchasing. She testified further that she was hurrying to get through the store and in her shopping just grabbed cans from the shelf as she passed the various storage counters without paying particular attention to the can selected. Plaintiff's witness, Mrs. Kozma, testified she visited a Jewel Tea Store and realized upon reaching the checkout counter that she had forgotten to obtain a can of asparagus, that she then sent her five year old son back to get a can of asparagus and her son brought a can of defendant's asparagus instead of that of plaintiff which she customarily purchased. Both witnesses testified on cross examination that they could readily distinguish defendant's label from plaintiff's label when viewed from a distance of 10 to 15 feet. The evidence of confusion is far from pursuasive since it is restricted to one shopper who bought "without looking" and a second shopper who bought through the medium of her five year old son.

 A competitor entering the market is required only to label his product in such manner that purchasers exercising ordinary care to discover whose products they are buying will know the truth and not be mistaken or confused. He is not obliged to protect the negligent or unattentive purchaser from confusion resulting from his own indifference. Life Savers Corporation v. Curtiss Candy Co., 7 Cir., 182 F.2d 4, 8; West Point Manufacturing Co. v. Detroit Stamping Co., 6 Cir., 222 F.2d 581, certiorari denied 350 U.S. 840, 76 S.Ct. 80, 100 L.Ed. 749. To constitute confusing similarity his label must be such as to suggest that the product marketed is that of another producer, not merely of a character inclined to provoke the inquiry "who makes that product". Chun King Sales, Inc. v. Oriental Foods, Inc., D.C., 136 F.Supp. 659, and a claim of confusing similarity will not lie where the only similarity between the labels lies in the illustration of the contents of the container. Ambassador Chocolate Company v. Chocolate Products Company, D.C., 280 F. 409; Southern California Fish Co. v. White

Star Canning Co., 45 Cal.App. 426, 187 p. 981; Heinz v. Lutz, 146 Pa. 592, 23 A. 314. Accepted methods of designating the character, kind and composition of a product are the common property of all and are not subject to exclusive appropriation. Chun King Sales, Inc. v. Oriental Foods, Inc., supra. The proof in this case falls far short of that necessary to sustain a charge of unfair trade practices and unfair competition through the adoption and use of a confusingly similar label.

The Court's findings of facts and conclusions of law required by Rule 52(a), F.R.Civ.P., 28 U.S.C., are incorporated in what has been said in the above opinion. Judgment is hereby ordered in favor of defendant, dismissing the complaint, plaintiff to pay the costs of suit.