**INTERNATIONAL BIOTICAL CORPO-
RATION, Plaintiff,**

v.

**ASSOCIATED MILLS, INC., Defendant.**

**Civ. A. No. 64 C 616.**

United States District Court
N. D. Illinois, E. D.

Aug. 28, 1964.

John F. Sembower, Chicago, Ill., Bass & Friend, Joseph Zalk, New York City, for plaintiff.

Will Freeman, Sheldon Witcoff and George McAndrews, Bair, Freeman & Molinare, Chicago, Ill., for defendant.

PERRY, District Judge.

This matter having been fully tried before the Court, and the Court having read the pleadings filed herein by the respective parties, and the Court having heard and examined all the testimony, documents and exhibits presented by the respective parties and admitted into evidence, and the Court being fully advised,

the Court hereby enters its Findings of Fact and Conclusions of Law as follows:

## I. IN GENERAL

1. This is an action for design patent and copyright infringement brought by International Biotical Corp., a New York corporation, having its principal place of business in New York, New York, against Associated Mills, Inc., an Illinois corporation, having its principal place of business in Chicago, Illinois. The Defendant also filed a counterclaim for declaratory judgment that the design patent and copyrights involved are invalid, not infringed and unenforceable.

2. Upon the filing of its Complaint, Plaintiff also filed motions for a temporary restraining order and a preliminary injunction, supported by affidavits. After presentation of evidence, the Court denied the temporary restraining order, and by agreement of all parties, heard this matter on the merits, at the same time as the preliminary injunction motion, since the same evidence was involved.

3. Plaintiff is the owner by assignment of United States Design Patent No. 190,009 for COMBINED MASSAGER AND INFRA-RED HEAT LAMP, issued March 28, 1961 to Wallace L. Minto on a patent application filed May 12, 1959.

4. Plaintiff sells a combined massager and infra-red heating device under the trademark "Infra-Massage", (Pl.Ex. 3) said device being made in accordance with the design of Plaintiff's United States Design Patent No. 190,009.

5. Plaintiff is the registrant of three copyright certificates, namely, Registration No. KK141015 for a carton, first published on February 2, 1959; Registration No. KK149368 for a brochure, first published February 15, 1960; and Registration No. KK146270 for a brochure, first published October 5, 1959. Each of the copyrighted materials is used in connection with Plaintiff's sale or advertising of its "Infra-Massage" device and is marked with a copyright notice.

6. Defendant sells a combined massager and infra-red heating device under its trademark "Pollenex Deep Heat Massager" (Pl.Ex. 4) and utilizes a carton and descriptive brochures in connection with its sale or advertising of its "Pollenex Deep Heat Massager" devices. Defendant's device, carton and brochures are clearly marked with Defendant's trademark "Pollenex".

7. Plaintiff has alleged that the design of Defendant's "Pollenex Deep Heat Massager" infringes its Design Patent No. 190,009, and that the printed material on Defendant's carton and brochures infringes its Copyright Registration Nos. KK141015, KK149368 and KK146270. Plaintiff relies solely upon its design patent and the three copyright registrations named in the Complaint as originally filed. The parties agree that there are no issues of any mechanical patent infringement or unfair competition in this case.

## II. THE DESIGN PATENT ISSUE

8. Although Plaintiff's Design Patent No. 190,009 is limited to the external ornamental or aesthetic appearance of the combined massager and heater device, and not to its construction, operation or function, the evidence shows that such combined massager and heater devices were old and well-known long before the filing date of the design patent in suit.

9. One such prior device which combined massage and infra-red heat in a single unit is shown in the prior patent to William August, Patent No. 2,582,617, issued January 15, 1952. (Def.Ex. 3) Devices made in accordance with the prior August patent were manufactured and sold long prior to the design patent in suit, as shown by the Fall and Winter 1956 catalog of Sears, Roebuck and Company. (Def.Ex. 5)

10. Another such prior device which combined massage and infra-red heat in a single unit was sold by Sibert & Co., East Orange, New Jersey, under the trademark "Therm-Massage", as shown by an advertisement in the Chicago Sun-Times on January 29, 1948. (Def.Ex. 14) The "Therm-Massage" device utilized manual massage and did not include an internal vibrator.

11. Each of these combined massage and infra-red heat devices, including the prior August unit, the prior Therm-Massage unit, Plaintiff's design patent in suit, and Defendant's Pollenex unit have, in common, a circular head with a flat face for applying massage and heat to the body, and an elongated handle extending from the circular head to enable the unit to be held in the hand of the user. An electrical power cord also extends through the handle of each unit.

12. The Court finds that Plaintiff's design patent in suit discloses a circular head having a switch on its back face, a plurality of ventilation slots provided around the switch, and a curved pistol grip handle having a plurality of finger receiving notches formed on its front surface together with a number of decorative lines at the end of the handle. The circular head is curved over its entire surface behind the flat front face and is provided with fluting around its periphery adjacent the flat front face.

13. The design of Defendant's "Pollenex" unit differs in many and substantial respects from the design patent in suit. The circular head of Defendant's unit is not curved over its entire surface, but rather, is in the form of a truncated cone with flat tapered sides terminating in a flat base. The switch and ventilating slots in Defendant's unit are of different appearance and shape than those in the design patent. Even if the switch and slots were not of different shape, it would not be of any design significance since these elements are provided for a functional rather than an ornamental purpose in the combined massage and infra-red heat units. Further, the evidence shows that it is old to provide a massager with a switch on its back face shown by the Renga Patent No. 2,228,675 as well as to provide a massager with both a switch and ventilating slots on its back face as shown by the Niagara Hand Massager in the 1955 Fall and Winter catalog of Sears, Roebuck and Company. (Def.Ex. 6)

14. A most significant design difference is in the shape and appearance of the handle. In Defendant's unit, the handle is straight, rather than curved, and is formed with four flat sides having edges which taper outwardly from the circular head so that the handle cross-section is smaller at the head than it is at its remote end. It is obvious that the handle of Defendant's unit does not use curved pistol grip design features characteristic of the patent in suit. On cross-examination, Plaintiff's expert witness Levin admitted that the curved handle with the finger notches was an inventive feature of Plaintiff's design patent. (R. 86) Accordingly, the Court finds that Defendant's unit does not infringe Plaintiff's Design Patent No. 190,009. In accord, unreported opinion of Chief Judge Zavatt, dated May 13, 1964, in the related case entitled International Biotical Corp. v. Federated Department Stores, Inc., 229 F.Supp. 528 (D.C.S.D.N.Y.).

15. The Court further finds that there is no prior design in evidence which includes all of the design features of Plaintiff's Design Patent No. 190,009. When Plaintiff's Design Patent No. 190,009 is properly limited to its specific combination of design features, it is valid. However, if Plaintiff broadens the limited scope of its design patent by ignoring the shape of the circular head, the shape of the handle and the decorative lines and fluting, then the patent is invalid for lack of design invention over the prior device shown in the August Patent No. 2,582,617, the Sibert "Therm-Massage" device, the Niagara Hand Unit Massager shown in the 1955 Fall and Winter catalog of Sears, Roebuck and Company (Def.Ex. 6) and the vibrator shown in the patent to F. L. Renga, Patent No. 2,228,675, issued January 14, 1941.

### III. THE COPYRIGHT ISSUE

16. Although Plaintiff's three copyrights in issue include many pages of printed material, Plaintiff has relied primarily upon only a minor portion thereof, namely, three photographic poses showing the application of a unit to the head, leg, and back of the body; a catalog of

various ailments for which the device is allegedly helpful, and a photograph of the switch on the back of the unit with the descriptive designations "Hi" and "Lo" thereon.

■ 17. The Court finds that there has been no copyright infringement for the reason that the alleged copying, at best, represents only isolated portions, and not any substantial portion of Plaintiff's copyrighted material, which must be considered as a whole.

■ 18. Plaintiff does not claim that any of Defendant's photographs are reproductions of any photograph included in Plaintiff's copyrighted material. (R. 178) The evidence clearly shows that each of Defendant's photographs were independently made by Defendant who utilized a different subject and its own Pollenex unit. Plaintiff's copyrights cannot monopolize the various poses used in these photographs since its copyrights can protect only Plaintiff's particular photographic expression of these poses and not the underlying ideas therefor. Further, the use of the head, leg and back poses for a combined infra-red heat and massage device was old long prior to its use by either party hereto, as evidenced by the "Therm-Massage" advertisement of Sibert & Co., which was published in the Chicago Sun-Times on January 29, 1948. (Def.Ex. 14)

■ 19. The Court further finds no copyright infringement in Defendant's use on its carton of a catalog of various ailments and the words "Hi" and "Lo" in connection with its switch. The use of a catalog of ailments is a common expedient in the advertisement of health and medical aids, as exemplified by the long-known advertising copy used for Sloan's Liniment (Def.Ex. 8), by the advertising copy used by Sibert & Co. in 1948 in connection with the "Therm-Massage" unit (Def.Ex. 14) and by the advertising copy used by Defendant in 1955 in connection with its sale of its SPEED-PAC HOT PACK Heater. (Def. Ex. 9) In addition, the use of the words "Hi" and "Lo" in connection with switch

positions also is an old expedient, as exemplified by the descriptive legends on the switches of Defendant's 1958 Pollenex Room Air Conditioners. (Def.Exs. 17, 18 and 19)

## IV. PLAINTIFF'S INEQUITABLE CONDUCT

■ 20. The Court finds that as to this defendant in connection with defendant's manufacture, sale and marketing of its device, the plaintiff's design patent and copyright registrations are unenforceable due to plaintiff's unclean hands and inequitable conduct in connection therewith.

21. A substantial portion of Plaintiff's copyrighted material incorporates text and photographs that were previously published and copyrighted by Plaintiff in 1954 and 1955 in connection with its earlier Infra-Massage device. (Def.Exs. 11 and 12) Plaintiff did not inform the Copyright Office of its earlier publications in its application to register the copyrights here in suit. That part of the copyright application, Item 7, which requires a listing of the "New Matter In This Version" of the material sought to be copyrighted was left blank by Plaintiff in each of the copyright certificates in suit. (R. 191)

22. The Court further finds that Plaintiff's copyrighted brochure entitled "When Muscular, Rheumatic or Arthritic-Like Pains Strike", Registration No. KK146270 is inaccurate, misleading and deceptive. This describes a combined infra-red heat and massage unit of the type covered by the design patent in suit and states "Nearly 250,000 in Use— Let Us Send You One To Try!" and further contains numerous testimonial letters as to the efficacy of this unit. At the trial, Plaintiff admitted that neither the above-quoted statement nor the testimonials correctly refer to the unit shown in the brochure, but rather they refer to an earlier unit of a different design sold by Plaintiff several years prior to the copyright date. (R. 755–757)

23. In support of its motions and for a preliminary injunction and temporary

restraining order, Plaintiff filed the affidavit of its President, Henry L. Hoffman, which stated:

"In fact, prior to the marketing of plaintiff's Infra-Massage, there had been sold heating devices such as heating pads and infra-red heat lamps, and in separate units, massaging devices such as scalp massagers and vibrating pillows. But to the best of my knowledge and belief, there had never been marketed an ornamental device which was so designed as to embody heat and massage in a single unit."

The Court finds that this representation was not accurate since Plaintiff's President, Henry L. Hoffman admitted on cross-examination that he had in fact seen the prior art W. L. August combined infra-red heat and massage single unit device prior to Plaintiff's marketing of its patented unit in suit. (R. 224–225)

24. The affidavit of Plaintiff's President, Henry L. Hoffman further stated:

"In the past years plaintiff, through its sales representatives, has sold Infra-Massage to Abraham & Strauss and many other Federated Stores throughout the country. However, since the Pollenex Massager has appeared on the market plaintiff has lost the Abraham & Strauss account * * *"

The Court finds that this representation was not accurate since Plaintiff's bookkeeper, Irene Edith Tanenbaum, testified that, in fact, Plaintiff has never sold the patented device to Abraham & Strauss. (R. 645)

25. The Court further finds that Plaintiff has totally failed to prove its allegations as to the authenticity of the advertising document used by Defendant in connection with its sale of its SPEED-PAC HOT PACK heater. (Def.Ex. 9) At the trial, Plaintiff's charges were completely rebutted by the uncontradicted testimony of Defendant's witnesses Braner and Dr. Andelman who established their familiarity with the SPEED-PAC document long prior to Plaintiff's

copyrights and to the filing of this law suit. In contrast to Defendant's proofs, Plaintiff did not offer a single witness or present any other evidence to support its charges. Since Plaintiff's unsupported charges consumed considerable trial time and effort, and Plaintiff after making these charges did not even choose to introduce any evidence in support thereof, an assessment of Defendant's costs against Plaintiff is deemed to be proper and fully warranted.

26. Plaintiff's misrepresentations and other inequitable conduct with respect to the subject matter here in suit are sufficient facts to support an award of costs to Defendant.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over the parties to this suit and the subject matter of the issues here involved.

2. United States Design Patent No. 190,009 is not infringed by Defendant's Pollenex Deep Heat Massager by reason of the numerous and substantial design differences therebetween.

3. United States Design Patent No. 190,009 is valid when limited to the specific combination of design features shown therein, but if it is construed so broadly as to cover Defendant's Pollenex Deep Heat Massager, then it is invalid for lack of design invention over the August Patent No. 2,582,617, the Sibert "Therm-Massage" device, the Niagara Hand Unit Massager shown in the 1955 Fall and Winter catalog of Sears, Roebuck & Company, and the vibrator shown in the patent to F. L. Renga, Patent No. 2,228,675, issued January 14, 1941.

4. Copyright Registrations KK141-015, KK149368, and KK146270 are not infringed by any of Defendant's accused cartons or descriptive literature since (1) there has been no copying by Defendant, (2) the portions of Plaintiff's copyrighted material relied upon by Plaintiff are only minor and insubstantial parts of the total copyrighted material, (3) there can be no copyright in an idea apart from the specific expression of the idea, and (4) the accused portions of Defendant's car-

tons and literature are derived from the prior advertising literature of Defendant and others, published long before Plaintiff's copyrights in suit.

5. Plaintiff's design patent and copyrights are unenforceable due to Plaintiff's misrepresentations to this Court, the Copyright Office and the public with respect thereto.

6. Defendant is entitled to be awarded its costs due to Plaintiff's inequitable conduct.

7. Plaintiff's motion for a preliminary and permanent injunction should be denied, its Complaint dismissed, and Defendant's counter-claim for declaratory judgment sustained in so far as it seeks (a) a declaration of noninfringement by Defendant of the design patent and copyrights in suit and (b) future noninterference by Plaintiff in connection with the making, selling, advertising, promoting or otherwise using the devices and advertising materials charged by Plaintiff to infringe.

### FINAL JUDGMENT

This cause having come on to be heard by the Court without a jury, and the Court having considered all the evidence submitted by both parties, and being fully advised in the premises, and the Court having entered herein this day its findings of fact and conclusions of law,

It Is Hereby Ordered, Adjudged and Decreed That:

(a) This Court has jurisdiction over the parties to this suit and the subject matter here involved.

(b) United States Design Patent No. 190,009 has not been infringed by Defendant.

(c) United States Design Patent No. 190,009 is valid when limited to the specific combination of design features shown therein, but is invalid and void for lack of design invention if construed so broadly as to cover Defendant's Pollenex Deep Heat Massager.

(d) Copyright Registrations KK141-015, KK149368, and KK146270 have not been infringed by Defendant.

(e) United States Design Patent No. 190,009 and Copyright Registrations KK141015, KK149368 and KK146270 are not enforceable against Defendant due to Plaintiff's misrepresentations to this Court, the Copyright Office and the public with respect thereto.

(f) Defendant is awarded its costs due to Plaintiff's inequitable conduct.

(g) Plaintiff having failed to establish any cause of action against Defendant, its motion for preliminary and permanent injunction is denied and its Complaint is dismissed for want of equity.

(h) Judgment is awarded in Defendant's favor against Plaintiff and its counter-claim for declaratory judgment is sustained in so far as it seeks (a) a declaration of noninfringement by Defendant of the design patent and copyrights in suit and (b) future noninterference by Plaintiff in connection with the making, selling, advertising, promoting or otherwise using the devices and advertising materials charged by Plaintiff to infringe.