William W. NEAL, M.D.

v.

Joe GLICKMAN, Jr., M.D.

Civ. A. No. 3-75-0207-F.

United States District Court,
N. D. Texas,
Dallas Division.

March 31, 1975.

David S. Kidder, S. B. Marshall IV and M. L. Hicks, Jr., Dallas, Tex., for plaintiff.

V. Bryan Medlock, Jr., Dallas, Tex., for defendant.

MEMORANDUM OPINION

ROBERT W. PORTER, District Judge.

Both parties to this copyright infringement case, which is before the Court on a Motion for Preliminary Injunction, are medical doctors. The Plaintiff, Dr. William W. Neal, contends that an original work of his was infringed by the Defendant, Dr. Joe Glickman, Jr. Dr. Neal has sued seeking injunctive relief, an accounting and damages, and other relief.

After conducting a hearing and reviewing the arguments and briefs of counsel, I have decided that this is a proper case for a preliminary injunction, which will issue.

Dr. Neal testified at the hearing that he is the author of *Outline of Internal Medicine,* together with periodic supplements that keep the work timely. The outline is intended to be helpful to medical students, who are the principal market for it. The outline first was published in 1966, according to Dr. Neal; it was not copyrighted. The second edition, which was copyrighted, was published in 1967. All subsequent supplements also have been copyrighted.

Further, Dr. Neal said that in early 1971 he granted oral permission to Dr. Glickman (who at that time was a student, not a licensed physician) to make one hundred reduced size photocopies of the 1970 *Outline* and to attempt to sell them to fellow students for $35. The agreement was that Dr. Neal would re-

ceive $10 for each copy sold to a student who had not previously bought the full-size *Outline*. Dr. Neal said his total proceeds from this agreement were about $25.

The problem between the parties arises because Dr. Glickman apparently has gone far beyond the oral agreement. Called to the stand by the Plaintiff, Dr. Glickman identified a copy of *Phantom Notes* as his product which he sells through a network of distributors in medical schools throughout the country. None of the material is original, Dr. Glickman admitted; he agreed with Dr. Neal's testimony that *Phantom Notes* is exactly the same as the *Outline*, except that the dates on the bottom of each page of the *Outline* were deleted from pages of *Phantom Notes*. The *Notes* do not give any credit of authorship to Dr. Neal. Dr. Glickman does not claim that Dr. Neal gave his permission for distribution of his book under the name of *Phantom Notes*. Dr. Glickman recalled the oral agreement with Dr. Neal somewhat differently: he was to pay Dr. Neal $10 per copy for an unlimited number of copies of the *Outline*, but the total paid to date is only $11, according to the Defendant.

The parties agree, and I find that I have jurisdiction under 28 U.S.C. § 1338 (a), and that this cause of action arises under 17 U.S.C. § 101.

■ Even a casual examination of the *Outline* and *Phantom Notes* reveals to a lay observer that they are for the most part identical in content (except for the omission of dates). Since Dr. Neal is the acknowledged author, it would be natural to enjoin the Defendant from further publication of his infringing publication in the absence of a compelling reason not to do so.

■ Dr. Glickman has the temerity to assert that Dr. Neal seeks equity with unclean hands. According to the Defendant's theory, Dr. Neal's hands became unclean—and have remained soiled—because the early 1966 edition of the *Outline* was not copyrighted and on subse-

quent copyright application forms Dr. Neal failed to mention the 1966 publication. Defendant relies on International Biotical Corp. v. Associated Mills, Inc., 239 F.Supp. 511 (N.D.Ill.1964), and Plaintiff relies on Flick-Reedy Corp. v. Hydro-Line Manufacturing Co., 351 F.2d 546 (7th Cir. 1965) cert. denied, 383 U.S. 958, 86 S.Ct. 1222, 16 L.Ed.2d 301 (1966). In both cases, District Judge Perry had ruled for the Defendants on the copyright infringement issues. The earlier case, *International Biotical*, was not appealed. In the second case, *Flick-Reedy*, the Seventh Circuit reversed Judge Perry, writing:

> In the first place, "abridgements, adaptations, arrangements * * * or works republished with new matter * * * " are subject to copyright by the very terms of the Act, 17 U.S.C. § 7; and the court erred in precluding infringement for the reason that some of the material was already in the public domain. The arrangement, expression, and manner of presentation of the copyrighted pages, however, was not in the public domain.

351 F.2d at 548. Here Dr. Glickman has copied Dr. Neal's arrangement, expression, and manner of presentation exactly, except that *Phantom Notes* is smaller than the *Outline*. I reject the Defendant's unclean hands theory.

I conclude that Dr. Neal has presented a prima facie case of validity and infringement; I do not believe it necessary to require him to go further and prove irreparable harm, Rice v. American Program Bureau, 446 F.2d 685, 688 (2d Cir. 1971), even though the evidence presented at the hearing leaves little doubt of the harm done to Dr. Neal.

The Court preliminarily will enjoin the Defendant from further infringing the Plaintiff's copyrighted works, and in particular from continuing to market *Phantom Notes*. Other relief sought by the Plaintiff, such as seizing and impounding infringing materials, will be denied at this time.