**WALLACE COMPUTER SERVICES, INC. d/b/a Tops and Tops Business Forms, Plaintiff,**

v.

**ADAMS BUSINESS FORMS, INC., Defendant.**

No. 93 C 0138.

United States District Court, N.D. Illinois, E.D.

Aug. 20, 1993.

John W. Chestnut, Jill Anderfuren, Vasilios D. Dossas, Tilton, Fallon, Lungmus & Chestnut, Chicago, IL, for plaintiffs.

Robert B. Breisblatt, Eric Charles Cohen, Kara Eve Foster Cenar, Welsh & Katz, Ltd., Chicago, IL, for defendant.

### MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

The plaintiff, Wallace Computer Services, Inc., has sued the defendant, Adams Business Forms, Inc., for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.* (Count I); for trade dress infringement pursuant to 15 U.S.C. § 1125(a)[1] (Count II); for deceptive and unfair trade practices in Illinois pursuant to 815 I.L.C.S. 510/1[2] (Count III); and for unfair competition under the laws of the state of Illinois (Count IV). The defendant has moved to dismiss all four claims pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, the motion is denied.

### Background [3]

The plaintiff sells telephone message books in a variety of formats.[4] The cover of each message book has a solid color background and prominently displays a rectangular photograph. Each photograph itself has a solid color background which contrasts with the surrounding background color of the cover. On each cover, the background color of the photograph matches the color of the bold text on the cover which says "PHONE MESSAGE BOOK" as well as the company logo. Each photograph depicts two hands on either side of an open message book which is laid out at an angle. The right hand is about to write upon the blank message book, and there is a corner of a telephone in the upper left corner of each photo. Each version of the message book has a different photograph on the cover since the format of the open book portrayed on the cover corresponds with the message book it is promoting. In December, 1992 the plaintiff obtained copyright registrations for three of its cover photographs. It should be noted that the United States Copyright Office refused to allow the registration of either the text or the graphics of the phone message books.

According to the complaint, sometime in 1992, long after the plaintiff's first sales of its phone message books, the defendant began selling and promoting its own line of phone message books. The defendant's message books are similar to the plaintiff's in several respects, including[5]: use of the same solid colors for some of the overall backgrounds; rectangular photographs on their covers;

---

1. Also known as § 43(a) of the Lanham Act.

2. Previously known as Illinois Revised Statutes, ch. 121½ § 311 *et seq.*

3. For the purposes of this motion, the court accepts as true the allegations of the complaint and the facts contained within the complaint's exhibits.

4. See Plaintiff's Exhibit B (attached).

5. See Plaintiff's Exhibit C (attached).

photo background colors which match the color of the bold text and company logo; and substantially identical photo layouts. The defendant's photographs, like the plaintiff's, have a right hand positioned over an angled message book with a corner of a telephone showing in the upper left corner. Throughout the United States the defendant's phone message books are advertised and marketed in the same channels of trade as the plaintiff's books. One distinction between the two is that the plaintiff's photographs portray completely blank message books, and the defendant's photographs show message books which have been written upon.

It is alleged in the complaint that the defendant knew of the plaintiff's copyrights and trade dress prior to its own adoption of similar photographs and trade dress, and that the defendant deliberately sought to trade upon the plaintiff's good will.

### Discussion

■ The standard governing this court's decision on a Rule (12)(b)(6) motion is well established. Only if the allegations of the complaint, and all reasonable inferences drawn therefrom, could not support any cause of action may this court grant the motion. See generally Charles Wright & Arthur Miller, 5A *Federal Practice and Procedure:* Civil 2d § 1357 (West Publishing, 2d ed. 1990). The court must interpret ambiguities in the complaint in favor of the plaintiff, and the plaintiff is free, in defending against the motion, "to allege without evidentiary support any facts [it] pleases that are consistent with the complaint in order to show that there is a state of facts within the scope of the complaint that if proved ... would entitle [it] to judgment." *Early v. Bankers Life and Casualty Co.,* 959 F.2d 75, 79 (7th Cir. 1992).

**6.** The plaintiff only owns copyrights for three of its message book photographs; therefore, only these products will be considered in the above copyright analysis.

**7.** Previously, this court has used a two-tiered approach to delineate the principles of copyright law:
"To prove illicit copying, [the plaintiff] must establish both (1) copying, and (2) unlawful

### I. *Copyright Claim* [6]

■ In order to prevail on a claim of copyright infringement, a plaintiff must prove both ownership of a valid copyright and illicit copying by the defendant. 3 *Nimmer on Copyright* § 13.01 at 13–6 (1992) ("*Nimmer*"); See, *Atari, Inc. v. North American Philips Consumer Electronic Corp.,* 672 F.2d 607, 614 (7th Cir.1982), *cert. denied,* 459 U.S. 880, 103 S.Ct. 176, 74 L.Ed.2d 145 (1982). In the case at bar, the defendant concedes ownership; hence, this court's inquiry will focus on whether the defendant illegally copied the plaintiff's copyrights. To establish illicit copying, a plaintiff must show (1) access (i.e., that the defendant had access to the plaintiff's work) (2) substantial similarity and (3) unlawful appropriation (i.e., substantial similarity as a matter of law). *Stillman v. Leo Burnett Co., Inc.,* 720 F.Supp. 1353, 1358 (1989) (Duff, J).[7]

■ In *Stillman,* this court explained that many difficulties arise out of the dual usages of the term "substantial similarity" in copyright law. *Stillman,* 720 F.Supp. at 1358. First, as used in the second prong of the above test, the phrase refers to an element that must be proved when determining if copying has occurred. *Id.* If two works are substantially similar in this sense, the likeness between them is great enough to give rise to an inference that the defendant took ideas from the plaintiff's work. Whether or not the defendant used the plaintiff's material as a model is a factual question. See, 3 *Nimmer* § 13.01[B] at 13–8, 9 (1992). Substantial similarity, however, is also used as a term of art relating to the unlawful nature of the similarities between two works. *Stillman,* 720 F.Supp. at 1358; *Roth Greeting Cards v. United Card Co.,* 429 F.2d 1106, 1110 (9th Cir.1970); 3 *Nimmer* § 13.01[B] at

appropriation. See, *Scott v. WKJG, Inc.,* 376 F.2d 467, 469 (7th Cir.1967). To establish copying, a plaintiff must show (1) access, and (2) substantial similarity between the works 'when compared in their entirety including both protectible and unprotectible material.' " *Stillman,* 720 F.Supp. at 1358. The three prong test utilized in this opinion is offered to make the test more clear.

13–9 (1992). So, if a latter work has copied only nonprotectible expression, it is not "substantially similar" to the first work under this second definition. As demonstrated by the phraseology of the third prong of the above delineated test, this second·definition may be distinguished from the first by using the phrase "substantial similarity as a matter of law."

In this case, the first element, access, is not in dispute. As for the second element, substantial similarity, the issue is a question of fact. If an ordinary observer could conclude that the defendant copied the plaintiff's expression by using plaintiff's work to create another work which evokes a similar response, then substantial similarity exists between the two works. *Stillman*, 720 F.Supp. at 1359. The focus of this "ordinary observer" test is on the similarities between two works. *See, Atari*, 672 F.2d at 618. The plaintiff at bar purports to satisfy this second prong by listing numerous similarities in the two sets of works including, but not limited to, the following: a portion of a telephone is shown in the top left of each photograph; the center of each photograph shows a message book open to an inner page; each message book is at a slight angle; a right hand is shown holding a pen poised over the top (or top right) message blank in each photo; and each photograph's background is a solid color. (Pl.'s Resp.Br. at 3). These facts as alleged are sufficient to show substantial similarity.

Therefore, the only copyright issue remaining to be addressed by this court is whether there has been unlawful appropriation of the plaintiff's protectible expression; i.e., whether the two works are substantially similar as a matter of law.

■ Copyright protection does not extend to ideas—only to specific expressions of an idea. 17 U.S.C. § 102(b). As applied to paintings and photographs, this means that while the subject matter of a work cannot be protected by a copyright, the artist's or photographer's *expression* of an idea may be protected. For example, in *Franklin Mint Corp. v. Natural Wildlife Art Exchange, Inc.*, 575 F.2d 62 (3d Cir.1978), two paintings

of cardinals were at issue. That court described the paintings as follows:

> Both versions depict two cardinals in profile, a male and a female perched one above the other on apple tree branches in blossom. But there are also readily apparent dissimilarities in the paintings in color, body attitude, position of the birds and linear effect.

*Id.* at 66. The second painting was found to have used the same subject matter (two cardinals on apple tree branches), but did not violate copyright laws because the artist expressed that idea differently in the second painting than in the first. *Id.* at 67. Specifically, with respect to photography, copyright infringement has been found "where the photographer in choosing the subject matter, camera angle, lighting, etc., copies and attempts to duplicate all of such elements as contained in a prior photograph." 1 *Nimmer* § 2.08[E] at 2–126.4 (1991).

■ In the case at bar, the defendant argues that the only similarities between the two sets of photographs are their subject matter. Accordingly, the defendant asserts that no copying of expression has taken place.

In support of this proposition, the defendant cites two cases. First, the defendant cites *International Biotical Corp. v. Associated Mills, Inc.*, 239 F.Supp. 511 (N.D.Ill. 1964), which involved a defendant who used the same three photographic poses as the plaintiff on its heat lamp cartons. Both sets of photographs showed the application of the heat lamps to the head, legs, and back of the body. The court held that only the plaintiff's *ideas* had been copied, so no infringement had taken place. The court stated that the plaintiff's copyrights could not monopolize the various poses used in those photographs. 239 F.Supp. at 514.

The case at hand is distinguishable upon two grounds. First, *International Biotical* states that those three specific poses had been used long before their use by either party in that case. *Id.* at 514. In contrast, there has been no indication in the case at bar that the layout used for the message book photographs had been adopted by competitors prior to the plaintiff's use. Second-

ly, in *International Biotical*, the court stated that:

> [there is] no copyright infringement for the reason that the alleged copying, at best, represents only isolated portions, and not any substantial portion of plaintiff's copyrighted material, which must be considered as a whole.

*Id.* at 514. In the present case, the photograph which has allegedly been copied constitutes the copyrighted material in its entirety. Hence, *International Biotical* cannot be used by direct comparison to find lack of infringement.

The only issue resolved for our purposes by that case is the question of whether the defendant at bar has the right to feature a photograph of an open message book on its packaging. Although the defendant *may* use this "pose" because it is nonprotectible, the question of whether the remaining features of the photographs' layouts are protectible is still at issue.

In addition, the defendant supports the above proposition with *Rochelle Asparagus Co. v. Princeville Canning Co.*, 170 F.Supp. 809 (S.D.Ill.1959). Both parties in that case had used pictures of asparagus spears on their cans of asparagus. The court rejected the claim of the plaintiff that it had the exclusive right to use a label depicting asparagus. *Rochelle Asparagus* clearly shows that both parties in the case at hand may depict their products in their photographs—but that is simply *not* the issue in this case. The question at bar is whether the *entire set-up* of the copyrighted photograph, including the hand, the writing instrument, the phone, and the background, constitutes a protectible expression of an idea.

In sum, the defendant's application of both *Rochelle Asparagus* and *International Biotical* to this case is misplaced. Accordingly, this court rejects the defendant's assertion that the only similarities between the photographs strictly relate to their sharing the same subject matter.

■ The defendant also argues that, even assuming the copying of the plaintiff's idea *and* its expression, the only similarities between the photographs of the plaintiff and of the defendant fall outside the area of protectible expression. The defendant argues that, "[t]here are a very limited number of ways to express, *in a photograph*, the idea of a hand writing on a phone message book." (emphasis in original) (Def.'s Reply Br. at 4). Here, the defendant is trying to assert a theory of idea-expression unity, whereby the expression provides nothing new or additional over the idea. *Sid & Marty Krofft Television v. McDonald's Corp.*, 562 F.2d 1157, 1168 (9th Cir.1977). Where idea-expression unity exists, the idea and expression are indistinguishable, and the copyright will protect only *identical* copying by others. *Atari*, 672 F.2d at 616. Idea-expression unity is not present here.

In this case, the idea and the expression of that idea are distinguishable. The idea consists of a hand with a pen over an open message book. The expression of that idea consists of the way the photographer decided to lay-out the items in the photographs. The defendant incorrectly asserts that there are very limited ways to express its idea. There are countless different layouts which could have been used by the photographer of the defendant to make photos which look different from those of the plaintiff. As stated in *McCulloch v. Albert E. Price, Inc.*, 823 F.2d 316 (9th Cir.1987), "[w]orks that are not factual receive much broader protection under the copyright laws because of the endless variations of expression available to the artist." *Id.* at 321. The creative minds in charge of the defendant's advertising and marketing certainly could have opted for a photo layout that did not so closely resemble that of its competitor.

■ Lastly, the defendant dissected the photograph into nonprotectible elements (i.e., a pen, a hand writing on a message book, a phone, etc.) in order to argue that any copying that occurred was solely of nonprotectible elements. Many courts, however, have ruled that this is not the correct way to approach the issue of copyright protection. Rather, a proper analysis requires that all of the elements be considered as a whole. *McCulloch*, 823 F.2d at 320. As *Krofft* explained, "It is the *combination* of many different elements which may command copyright protection be-

cause of its particular subjective quality." 562 F.2d at 1169 (emphasis in original). The defendant at bar has not adequately demonstrated to this court that the plaintiff's photo layout, when viewed as a whole, is nonprotectible.

In summary, although the defendant has the right to use the pose of a hand with a pen positioned over a message book, the plaintiff has a plausible claim that it owns a protectible expression in the overall layout of the photos and that the defendant copied some of the plaintiff's protectible expression. Accordingly, the motion to dismiss on the copyright claim is denied.

## II. Trade Dress and Unfair Competition Claims

■ In order to prevail on Counts (II)–(IV),[8] the trade dress and unfair competition claims, the plaintiff must prove (i) that it owns a protectible trade dress (i.e., trade dress that has acquired secondary meaning or that is distinctive); and (ii) that the defendant has adopted a trade dress which creates a likelihood of confusion. Schwinn Bicycle Co. v. Ross Bicycles, Inc., 870 F.2d 1176, 1182 (7th Cir.1989) (quoting Vaughan Mfg. Co. v. Brikam Int'l, Inc., 814 F.2d 346, 348 n. 2 (7th Cir.1987)). Lastly, a trade dress cannot be protected if it is found to be "functional." Schwinn, 870 F.2d at 1183.

The defendant argues that the trade dress and unfair competition claims should be dismissed because the plaintiff will not be able to prove either ownership of a protectible trade dress or likelihood of confusion. The defendant also claims that the plaintiff's trade dress is completely functional, and therefore unprotectible. For the reasons discussed below, all three of the defendant's arguments fail.[9]

### (i) Ownership of a Protectible Trade Dress

■ The defendant asserts that the plaintiff has failed to plead sufficiently that it owns a protectible trade dress. In the complaint, the plaintiff alleges that it owns a protectible trade dress and attaches, as exhibits to the complaint, photographs which show the alleged trade dress. Although the plaintiff does not specifically articulate all of the protectible aspects of its trade dress in the complaint, the Seventh Circuit has ruled that:

> A complaint need not narrate all relevant facts or recite the law; all it has to do is set out a claim for relief.... A plaintiff need not put all of the essential facts in the complaint. He may add them by affidavit or brief—even a brief on appeal.

Hrubec v. National R.R. Passenger Corp., 981 F.2d 962, 963 (7th Cir.1992). By referring to the appearance of its message books as both a "distinctive identifying Trade Dress" and a "well-known Trade Dress" (Compl. at 3), the plaintiff made a sufficient pleading by setting out a claim for relief and giving the defendant notice of the charges it will attempt to prove.

### (ii) Likelihood of Confusion

■ Although likelihood of confusion is usually an issue to be determined by a trier of fact, on occasion courts have dismissed groundless Lanham Act § 43(a) trade dress claims pursuant to Rule 12(b)(6). See, Hooker v. Columbia Pictures Industries, Inc., 551 F.Supp. 1060 (N.D.Ill.1982); Toho Co., Ltd. v. Sears, Roebuck & Co., 645 F.2d 788 (9th Cir.1981). In those cases, the courts found no likelihood of confusion as a matter of law. Unlike the case at bar, each of those cases revealed a fact pattern of two products or services which were so grossly different that a likelihood of confusion could not reasonably have existed.

In contrast, in the case at hand, the message books of the plaintiff and the defendant are similar enough that a likelihood of confu-

---

**8.** Both parties have treated Counts (II)–(IV) as one claim since the issues for all three are the same.

**9.** In support of dismissal of Counts (II)–(IV), the defendant also argues that where no substantial similarity for copyright purposes exists, there can be no claim of trade dress infringement, unfair competition, or deceptive trade practices based upon the appearance of the two works. Since, as explained above, the plaintiff has adequately pled substantial similarity for copyright purposes, this line of argument by the defendant is moot.

sion may exist. The Seventh Circuit has delineated some of the factors to be considered when determining likelihood of confusion under the Lanham Act: the type of trademark at issue, similarity of design, similarity of the products, identity of retail outlets and ·purchasers, identity of the advertising media utilized, the alleged infringer's intent, and evidence of actual confusion. *Schwinn Bicycle Co. v. Ross Bicycles, Inc.*, 870 F.2d 1176, 1185 (7th Cir.1989) (quoting *Wesley–Jessen, Div. v. Bausch & Lomb Inc.*, 698 F.2d 862, 866 (7th Cir.1983)).

The. plaintiff alleges in the complaint that the following factors are present in this case: similarity of design, similarity of products, similar advertising media, marketing in the same channels of trade, and bad faith intent on the part of the defendant. Five of the seven delineated factors have been pleaded by the plaintiff, which allows a reasonable inference of a likelihood of confusion. Since dismissal for failure to state a claim is inappropriate unless, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), dismissal is not proper in this case.[10]

### (iii) *Functionality of the Trade Dress*

The defendant argues that since there can be no protectible trade dress in the functional blank message forms, the trade dress claims of the plaintiff must be based upon the covers of the respective message books. (Def's Supporting Mem. at 9). In addition, the defendant asserts that the features of the covers which are similar are purely functional; therefore, the appearance of the plaintiff's message book cannot qualify as protectible trade dress. (Def.'s Supporting Mem. at 12.) These arguments are without merit.

■ First, assuming *arguendo* that the blank message forms are functional, the defendant's assertion that the trade dress claims must therefore be based *solely* upon

the covers is incorrect. The trade dress of a product refers to the "total image of a product, including features such as 'size, shape, color or color combinations, texture, graphics, or even particular sales techniques.'" *Roulo v. Russ Berrie & Co.*, 886 F.2d 931, 935, (7th Cir.1989) (quoting *Harland*, 711 F.2d at 980).

Therefore, even if the format of the blank message forms was to be considered functional and therefore nonprotectible, this would not undermine the trade dress claim of the plaintiff. In *John H. Harland Co. v. Clarke Checks, Inc.*, 711 F.2d 966 (11th Cir. 1983), although some of the features of a blank bank check were found to be functional, the court ultimately determined that there *had* been trade dress infringement based upon the copying of nonfunctional features, such as the decorative box around the lines and· the design and color of the carry-around case. *Id.* at 984. Similarly, in the case at hand, the blank phone message forms themselves might not be protectible, but the nonfunctional features of the cover and book as a whole might constitute a protectible trade dress.

■ Second, the defendant argues that the similar features of the covers are purely functional. Therefore, it is argued, the appearance of the plaintiff's message book cannot qualify as protectible trade dress. The incorporation of functional elements, however, does not render an overall trade dress nonprotectible. *See, Vaughan Mfg. Co. v. Brikam Int'l, Inc.*, 814 F.2d 346, 350 (7th Cir.1987); *John H. Harland Co. v. Clarke Checks, Inc.*, 711 F.2d 966, 984 (11th Cir. 1983). As the Seventh Circuit has stated, a combination and arrangement of features can be nonfunctional, even if some of its elements are functional. *Computer Care v. Service Systems Enterprises, Inc.*, 982 F.2d 1063, 1072 (7th Cir.1992). Hence, the plaintiff sufficiently alleges that it owns a protectible trade dress in at least some of the features of its message books.

---

**10.** The defendant also argues that no likelihood of confusion may exist where the similarities are in illustrations or descriptions of the products sold as in *Rochelle Asparagus Co. v. Princeville Canning Co.*, 170 F.Supp. 809 (S.D.Ill.1959). As

was stated in section (I) of this opinion, however, that issue is not relevant to this case since the use of product illustrations are *not* the only similarities which were allegedly copied by the defendant.

*Conclusion*

For the aforementioned reasons, the defendant's motion to dismiss Counts (I)–(IV) of the complaint is denied.

1422

EXHIBIT B

# PHONE MESSAGE BOOK

200 DUPLICATE MESSAGE SETS — CARBONLESS

RECORDED FROM: _____ TO: _____

1423

EXHIBIT B

1424

EXHIBIT B

# PHONE MESSAGE BOOK

200 DUPLICATE MESSAGE SETS—CARBONLESS

RECORDED FROM: ............................ TO ............................

EXHIBIT C

EXHIBIT C

1428

EXHIBIT C

EXHIBIT C

 **Adams**
BUSINESS FORMS