GROSS et al. v. SELIGMAN et al.

(Circuit Court of Appeals, Second Circuit.   March 10, 1914.)

No. 224.

1. COPYRIGHTS (§ 67*)—PICTURES—PHOTOGRAPHS—COPYING.

Where a model posed in the nude for a photograph which the artist copyrighted under the title Grace of Youth, other artists were free to form their own conception of the subject and avail themselves of the same model's services, and if by chance the pose, background, light, and shade of the new picture were similar, or if by reason of the fact that the same model was the prominent feature in both compositions, it might be difficult to distinguish the new from the old, the new, being in no sense a copy of the old, would not be an infringement.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 64; Dec. Dig. § 67.*]

2. COPYRIGHTS (§ 67*)—PHOTOGRAPHS—INFRINGEMENT.

An artist posed a model in the nude, and therefrom produced a photograph, which he named the "Grace of Youth." Having copyrighted the same, he sold all his artist's rights to complainant, and two years later placed the same model in the identical pose, with the single exception that in the second photograph the model wore a smile and held a cherry stem between her teeth, and was called "Cherry Ripe," while in the original she was posed with her face in repose, the backgrounds were not identical, and there were some slight changes in the contours of her figure, but otherwise the photographs were the same. *Held*, that the second could not be regarded as an independent conception, but constituted an infringement.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 64; Dec. Dig. § 67.*]

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from an order of the District Court, Southern District of New York, enjoining defendant from publishing a photograph. The suit is brought under the provisions of the Copyright Act. One Rochlitz, an artist, posed a model in the nude, and therefrom produced a photograph, which he named the "Grace of Youth." A copyright was obtained therefor; all the artist's rights being sold and assigned to complainants. Two years later the same artist placed the same model in the identical pose, with the single exception that the young woman now wears a smile and holds a cherry stem between her teeth. He took a photograph of this pose, which he called "Cherry Ripe"; this second photograph is published by defendants, and has been enjoined as an infringement of complainant's copyright.

House, Grossman & Vorhaus, of New York City (Chas. Goldzier, of New York City, of counsel), for appellants.

Archibald Cox, of New York City (R. W. Byerly, of New York City, of counsel), for appellees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). This is not simply the case of taking two separate photographs of the same young woman.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

When the Grace of Youth was produced a distinctly artistic conception was formed, and was made permanent as a picture in the very method which the Supreme Court indicated in the Oscar Wilde Case (Burrow-Giles Company v. Sarony, 111 U. S. 53, 4 Sup. Ct. 279, 28 L. Ed. 349) would entitle the person producing such a picture to a copyright to protect it. It was there held that the artist who used the camera to produce his picture was entitled to copyright just as he would have been had he produced it with a brush on canvas. If the copyrighted picture were produced with colors on canvas, and were then copyrighted and sold by the artist, he would infringe the purchaser's rights if thereafter the same artist, using the same model, repainted the same picture with only trivial variations of detail and offered it for sale.

[1] Of course when the first picture has been produced and copyrighted every other artist is entirely free to form his own conception of the Grace of Youth, or anything else, and to avail of the same young woman's services in making it permanent, whether he works with pigments or a camera. If, by chance, the pose, background, light, and shade, etc., of this new picture were strikingly similar, and if, by reason of the circumstance that the same young woman was the prominent feature in both compositions, it might be very difficult to distinguish the new picture from the old one, the new would still not be an infringement of the old because it is in no true sense a *copy* of the old. This is a risk which the original artist takes when he merely produces a likeness of an existing face and figure, instead of supplementing its features by the exercise of his own imagination.

[2] It seems to us, however, that we have no such new photograph of the same model. The identity of the artist and the many close identities of pose, light, and shade, etc., indicate very strongly that the first picture was used to produce the second. Whether the model in the second case was posed, and light and shade, etc., arranged with a copy of the first photograph physically present before the artist's eyes, or whether his mental reproduction of the exact combination he had already once effected was so clear and vivid that he did not need the physical reproduction of it, seems to us immaterial. The one thing, viz., the exercise of artistic talent, which made the first photographic picture a subject of copyright, has been used not to produce another picture, but to duplicate the original.

The case is quite similar to those where indirect copying, through the use of living pictures, was held to be an infringement of copyright. Hanfstaengle v. Baines & Co. (L. R. 1894) A. C. 20, 30; Turner v. Robinson, 10 Irish Chancery 121, 510.

The eye of an artist or a connoisseur will, no doubt, find differences between these two photographs. The backgrounds are not identical, the model in one case is sedate, in the other smiling; moreover the young woman was two years older when the later photograph was taken, and some slight changes in the contours of her figure are discoverable. But the identities are much greater than the differences, and it seems to us that the artist was careful to introduce only enough differences to argue about, while undertaking to make what would

seem to be a copy to the ordinary purchaser who did not have both photographs before him at the same time. In this undertaking we think he succeeded.

The order is affirmed.