### GROSS et al. v. VAN DYK GRAVURE CO.

(Circuit Court of Appeals, Second Circuit. January 11, 1916.)

#### No. 94.

COPYRIGHTS ☞77—INFRINGEMENT—LIABILITY FOR DAMAGES.

Under Act Sept. 18, 1913, c. 14, § 3, 38 Stat. 113 (Comp. St. 1913, § 9526), amending the Copyright Act (Act March 4, 1909, c. 320, 35 Stat. 1075), which provides that an infringer shall be liable "to pay to the proprietor such damages as the proprietor may have suffered due to the infringement, as well as all the profits which the infringer may have made from such infringement," all persons who unite in an infringement are liable 'for the proprietor's damages, although they may not be liable for profits in which they did not share.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 69; Dec. Dig. ☞77.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Edward Gross and Jacob Gross against the Van Dyk Gravure Company and others. Decree for complainants, and the named defendant appeals. Affirmed.

The opinion below of Learned Hand, District Judge, is as follows:

As this case now comes up, the issue of infringement is conclusively established by the decision of the Circuit Court of Appeals. There remains for the substance of dispute the following facts developed at the hearing: Rochlitz took two photographs of a nude model, each in the same pose and with the same background, except as mentioned later. She was sitting upon the floor, her knees raised to about half their complete flexure, her hands clasped below the knees, her back arched; the body appears in each plate in profile. In one photograph her head was also taken in profile, thrown forward, looking straight down between her knees; in the other, the head was raised and turned to the left, the plate taking the face in an exposure of three-quarters or more. A careful comparison of the photographs shows without any doubt that Rochlitz is right when he says that the two plates were taken in immediate succession, without any change, except in the head. He sold a copy of the plate showing the face in profile to Obendorfer, who has exposed it in his private photographic studio ever since; later he sold the plate showing a three-quarters face to Gross, the plaintiff, and gave him possession of the other plate as security; he warranted against any invalidity in his copyright title to the plate sold. The defendants now insist that the sale of what I may call the profile plate put the three-quarters plate into the public domain.

That Rochlitz supposed the two poses to be enough different to be readily distinguished follows from his making them; no other motive can be given. A painter, for example, often makes two pictures from the same model; but there may be great differences between the several positions, sometimes even

between several aspects of the same position. We have nothing to do with the beauty or originality of the artistic purpose; here it is only novelty that counts. Merely trivial variations will not distinguish, it is true; but the head and face are not trivial elements, as, for example, the feet might be, crossed or parallel. It seems to me, therefore, that Rochlitz was entirely successful in what he started out to do, and that he did make two clearly distinguishable and independent poses of the model, each one a separate piece of artistic copyright, each capable of statutory copyright. Hence I overrule the defense based upon the profile photograph called "At Ease."

The proof is insufficient to show that Rochlitz ever sold any copy of "Grace of Youth" before Gross bought it. Rochlitz is himself wholly discredited by his present effort to repudiate the warranty which he gave Gross. Furthermore, it appears that Gross had two large pictures of "Grace of Youth" until after the picture was copyrighted, and Rochlitz says he only made two. The proof of prior publication therefore fails, and the only thing left is the question of damages.

Smith swore that he printed 3,000 of the large and 12,000 of the small photographs. Florence Gross said that she saw six piles of nine inches high, and the plaintiff says that this would equal 6,000. Seligman did not contradict this, although he was called. Under section 25b (2), Comp. St. 1913, § 9546, these numbers would exceed the maximum, but I shall not take them as a basis of damages in any event, as I cannot think it has any relation to actual damages. I shall rather try to estimate Gross' actual damages, without observing the rules of evidence, as though the issue had to be proved like other such issues, and allowing myself considerable latitude in speculation. This is, as I understand the duty laid upon the court by section 25b: In place of the old penalties the court is to estimate damages, but to estimate them within the sums given, without the limitations of usual legal proof. I think the whole course of copyright law shows a recognition of the difficulty of making legal proof of damages, and that, in substituting for rigid penalties the discretionary power of the court, we must assume that a plaintiff should not fail for lack of proof. I must assess the damages, all things considered, by the best inference I can make, even when I cannot have much basis for certainty, even when the plaintiff would fail, were the issue tried before a jury.

Gross says that his first year's sales were between $800 and $900, his second year's between $300 and $400, and his third year's $200, in spite of his spending between $300 and $400 to push the picture. He also says that such a picture was not fugitive, but, when once popular, held its own for some time. I shall assume that he would have had five years' sale after the first $1,000 a year; I shall take his actual sales at $350 the second year and $200 every other, making $1,150 in all. Therefore I find that his damages are represented by $3,850 gross sales. His profits I must estimate; he says that they are hard to state. If I take them at 20 per cent., I shall do as well as the circumstances warrant. Of course, it is a mere speculation; but, if I am right, the statute requires me to make as fair a speculation as I can. Thus his damages would be $770, to which I shall add the extra expense he incurred in pushing his picture unsuccessfully. His damages, therefore, I fix at $1,100, and a decree will go against all the defendants in that sum.

Under section 40 of the act (Comp. St. 1913, § 9561), the court may in its discretion fix a counsel fee, which I do fix at $350, considering the fact that the case has already once been to the Circuit Court of Appeals and has been tried. However, as this is discretionary, I shall add this to the decree only against Rochlitz, Seligman, and the Seligman Company, because the Van Dyk Company, though concededly an infringer, was an innocent infringer, and it does not seem just to me to charge them with that element. I will make the same disposition as to costs.

Mirabeau L. Towns, of New York City (J. T. Walker, of New York City, of counsel), for appellant.

Everett B. Heymann, of New York City, for appellees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The validity of the copyright of complainant's photograph entitled the "Grace of Youth," and infringement thereof by the photograph entitled "Cherry Ripe," which was made, printed, and sold by the defendants, were established by our former decision in Gross v. Seligman, 212 Fed. 930, 129 C. C. A. 450.

This action is to recover damages for infringement against the appellant and the other defendant as joint and several tort-feasors. Copyright Act, § 25 (Comp. St. 1913, § 9546), provides that any person who shall infringe shall be liable—

"to pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement, and in proving profits the plaintiff shall be required to prove sales only and the defendant shall be required to prove every element of cost which he claims, or in lieu of actual damages and profits such damages as to the court may appear to be just."

What happened here was that defendant Rochlitz made the infringing photograph, defendant Gravure Company printed 16,000 copies, which it sold to defendants Seligman, who themselves sold the copies to the public for profit.

We are somewhat at a loss to understand exactly what appellant's contention is—apparently he advances the proposition that there can be no recovery for damages against an infringer who has not made profits from the sale of the infringing copies.

The District Judge made a careful calculation to determine how many sales of the copyrighted photograph were lost to plaintiff, because of sales of the infringing photograph to persons who would, otherwise, have bought the copyrighted one. He then calculated what net profit plaintiff would have realized on the sales which he would have made, had not the infringing photograph prevented his making such sales. These *lost profits* of the *plaintiff* he found to be the measure of plaintiff's damages. We find nothing wrong about the calculation; indeed, the judge's figures are not attacked.

Why all who unite in an infringement are not, under the statute, liable for the *damages* sustained by plaintiff, we are unable to see. If the court had reached his "estimated" damages (in lieu of actual damages) by finding so much for damages caused by interfering with complainant's sales, and then had found an additional sum representing profits which the infringers made, and then added the two sums together, there might be some force in the argument that this particular defendant, which did not know it was infringing, and merely did the mechanical work of lithographing, for which it was paid in all $125 (indicating presumably a profit of not over $25), should not be charged with any part of the profits the other infringers made. But, on the contrary, the District Judge figured only on the damages to plaintiff, without figuring on profits of any defendant. Therefore, as all united in infringing, all are responsible for the damages resulting from infringement.

The decree is affirmed.