PAGANO et al. v. CHAS. BESELER CO.

(District Court, S. D. New York. July 3, 1916.)

COPYRIGHTS ⬤⇒9—PHOTOGRAPH—ORIGINALITY.

A photograph of a scene, including a public building, is copyrightable; originality in determining just when to take the photograph, so as to bring out the proper setting, for both animate and inanimate objects, with the adjunctive features of light, shade, position, etc., being involved.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 7; Dec. Dig. ⬤⇒9.]

At Law. Action by Antonio Pagano and other against the Chas. Beseler Company. Demurrer to complaint overruled.

Benno Lewinson, of New York City, for plaintiffs.
August C. Streitwolf, of New York City, for defendant.

MAYER, District Judge. The action is at law to recover damages pursuant to the provisions of Act March 4, 1909, c. 320, § 25, 35 Stat. 1081 (Comp. St. 1913, § 9546). Defendant has demurred, and plaintiff has moved for judgment on the pleadings. On the argument, defendant also moved for judgment on the pleadings.

The subject of the copyright is a photograph of a scene on Fifth avenue in the city of New York from Forty-First street to Forty-Second street, which includes the Public Library. In paragraph V of the complaint plaintiffs allege that the picture is—

"from his own original conception, to which he gave visible form * * * by selecting the position and place from which to take said picture, and the moment when the light, shade, cloud, and sky effects upon said New York Public Library and its surroundings combined to make a new harmonious and artistic picture."

Whether what was done makes a new, harmonious, and artistic picture is probably a conclusion of the pleader; but the allegation that

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the conception was original, and that visible form was given to that conception by selecting the position and place at the proper moment, is an allegation of fact. The demurrer, therefore, must be overruled.

But the motions may be disposed of on a broader ground. I have before me only the photograph, together with the allegations of the complaint, and the situation is as if on a trial plaintiffs had introduced the photograph in evidence and rested, and thereupon defendant had rested. It would then have become the duty of the court, as it is now, to determine whether the photograph was copyrightable.

The question is not, as defendant suggests, whether the photograph of a public building may properly be copyrighted. Any one may take a photograph of a public building and of the surrounding scene. It undoubtedly requires originality to determine just when to take the photograph, so as to bring out the proper setting for both animate and inanimate objects, with the adjunctive features of light, shade, position, etc. The photograph in question is admirable. The photographer caught the men and women in not merely lifelike, but artistic, positions, and this is especially true of the traffic policeman. The background, taking in the building of the Engineers' Club and the small trees on Forty-First street, is most pleasing, and the lights and shades are exceedingly well done.

There are other features, which need not be discussed in detail, such as the motor cars waiting for the signal to proceed. The work, it seems to me, comes well within what the authorities have held to be the subject-matter of copyright.

As defendant's lantern slide is an exact reproduction, there can be no question as to infringement.

The demurrer is overruled, and plaintiff may have judgment on the pleadings, with leave to defendant, however, to answer within 10 days after service upon him of the order filed upon this decision. During my absence on vacation the order can be submitted to Judge Learned Hand.