RAYMOND GORDON, Respondent, *v.* CHARLES H. GOREN, Appellant, et al., Defendants.

First Department, December 11, 1962.

*Leonard M. Lake* of counsel (*Eliot Loshak* with him on the brief; *Dannenberg, Hazen & Lake,* attorneys), for appellant.

*Joseph L. Hochman* of counsel (*Stella H. Honig,* attorney), for respondent.

*Per Curiam.* The complaint alleges that plaintiff originated the idea of a television program featuring the game of bridge, in which, after showing a hand being played, an outstanding expert makes an analysis of the play. Plaintiff made a pilot film embodying this idea and hired defendant Goren to appear

in it and make the analyses. Goren participated, was paid for his efforts and presented with a copy of the pilot film. Plaintiff then submitted the pilot film to the corporate defendant, which rejected the idea. Some time later the corporate defendant presented a television program based on the same formula. In this program defendant Goren also acted as the commenting expert. As against both defendants, plaintiff seeks an injunction, damages and an accounting. On this appeal we are concerned only with whether the complaint states a cause of action as against the defendant Goren.

The theory of the complaint is that plaintiff had a literary property in the subject matter of the pilot film akin, if not amounting to, a common-law copyright, and that defendant, as a participant in the infringement, is liable for the consequences. While the bald statement has some support in the decided cases, the word "participated" is a word of art and does not embrace every person who had a connection with the corporate defendant's production. To be liable it must be shown that the defendant not only contributed to the production but to the infringement. Such activities would be appropriating material from the original presentation (*Universal Pictures Co.* v. *Harold Lloyd Corp.*, 162 F. 2d 354; *Cain* v. *Universal Pictures Co.*, 47 F. Supp. 1013), issuing licenses to reproduce it (*American Tel. & Tel. Co.* v. *Radio Audion Co.*, 281 F. 200) and like activity (*Gross* v. *Van Dyk Gravure Co.*, 230 F. 412). Here the defendant's contribution was not to the infringement. The purpose of his selection for both programs was that he would bring his reputation for experience and expertness, and would necessarily supply his own material. But it is not alleged that he had anything to do with formulating the original idea or making possible the pirating of that idea, if it was so pirated. Though apparently a logical choice for performing the role he was retained for, he was not the only person who could have done it, so he was not responsible for the infringement in the sense that it could not have resulted without his participation. Nor is the fact that he was aware of plaintiff's original program of any significance. He neither communicated nor revealed the format to his codefendant. The plaintiff did that himself.

If plaintiff's theory is correct, an expert in any field who once accepts employment in a venture can thereafter accept employment in another venture only at the peril of liability for damages if it afterwards is found that the second venture infringes on the first. The mere rendition of the professional service is sufficient to bring about this result, as nothing material in addition to that is alleged. We do not believe that to be the law.

The order should be reversed on the law, with costs to the appellant, and the complaint dismissed as to the moving defendant.

RABIN, J. P. (dissenting). I dissent and vote to affirm the order sustaining the sufficiency of the amended complaint as against defendant Goren.

I agree with the majority of this court in its conclusion that the complaint is essentially one seeking redress for the alleged infringement of a common-law copyright. However, I disagree with the majority's conclusion that Goren's participation in the production of the infringing program as alleged does not constitute participation in the infringement so as to entitle plaintiff to relief against him.

I conclude that a liberal construction of the complaint permits proof of and an ultimate finding that Goren was a knowing participant in the infringement itself rather than merely a participant in the performance. Goren is alleged to have starred in plaintiff's original pilot film and to have received a copy of such film. Having allegedly been so intimately associated with the original and the alleged infringing program so closely resembling the original, the pleading is broad enough to permit the plaintiff to attempt to prove that Goren not only knew of the infringement but that he actually participated in the violation of plaintiff's rights.

However, even were Goren not alleged to be a participant in the infringement per se he could still be held liable. The general rule which is applicable in cases of both statutory and common-law infringement (see *De Acosta* v. *Brown*, 146 F. 2d 408, 412) is that " all persons who participate or contribute in the infringement are jointly and severally liable as tortfeasors " (2 Warner, Radio and Television Rights, § 156, p. 608; see, also, *Gross* v. *Van Dyk Gravure Co.*, 230 F. 412; Frohlich and Schwartz, The Law of Motion Pictures and The Theatre, § 163, pp. 589–590). Some of the texts include among such tort-feasors not only producers and exhibitors but also actors or performers (2 Warner, Radio and Television Rights, p. 609; 18 C. J. S., Copyright and Literary Property, § 123, p. 239). However, it should be observed that these texts cite no case authority for the inclusion of actors or performers in the class held to be liable. Nonetheless, considering the history of copyright protection and the purpose to be served it could well be argued, as the authorities indicate, that mere performance in an infringing production, constitutes participation in the infringement and suffices to render an actor answerable to the creator of the work.

More so when a performer is uniquely qualified to fit the role to which he is assigned in the infringing production.

The complaint alleges that Goren " is a world famous bridge playing expert and has authored several well known works on contract bridge; has developed and publicized a system of contract bridge playing now widely used and recognized throughout the bridge playing world; and is currently recognized by the bridge playing public and the entire world as a leading authority on, and analyst of, the game of contract bridge; and that he writes a syndicated newspaper column which is published throughout the world, devoted to bridge playing and bridge players." In the light of such allegations it could well be found that Goren's services were unique. In addition, the role he played in the infringing production was not a perfunctory one. His expertise was essential to the program's development and presentation. While, as the majority states, he may not have been the only person who could have performed the role and the infringement could have resulted without his participation such possibility does not free him of legal responsibility. That there might be other persons who could meet such unusual qualifications — if in fact there are — does not detract from the critical role Goren played in the program. To say that the infringement could have taken place without Goren is to say in effect that no one may ever be held to be a participant in an infringement so as to incur liability. A producer or director would not be liable since another producer or director could have performed those functions. Even the television station would be absolved since another network could have transmitted the program. If the possibility of the acts being done by another frees Goren of responsibility then the many cases imposing liability on innocent printers and bookbinders in book infringement cases would appear to have been wrongly decided. (See *Belford* v. *Scribner*, 144 U. S. 488; *American Code Co.* v. *Bensinger*, 282 F. 829; *Sammons* v. *Larkin*, 38 F. Supp. 649, revd. on other grounds 126 F. 2d 341.)

The failure to allege that Goren knew of the infringing nature of the program is of no consequence in determining the question presented. Innocence or lack of knowledge of the infringement is no defense to one participating in an infringement (*Gross* v. *Van Dyk Gravure Co.*, *supra*; *Sammons* v. *Larkin*, *supra*; *American Press Assn.* v. *Daily Story Pub. Co.*, 120 F. 766, 768, 769, appeal dismissed 193 U. S. 675; *De Acosta* v. *Brown*, 146 F. 2d 408, *supra*).

All other considerations aside, this complaint should be held sufficient as against Goren for another reason. It should be

noted that the complaint seeks injunctive relief as well as money damages. If it should be found that the program constitutes an infringement surely equity may intervene and restrain its continuance. In order to afford the plaintiff effective relief — should he be entitled to enjoin the production — all performers as well as the producers may be enjoined whether or not they may be held liable for damages. Accordingly, the complaint should be deemed sufficient and the order should be affirmed.

VALENTE, McNALLY, EAGER and STEUER, JJ., concur in *Per Curiam* opinion; RABIN, J. P., dissents in opinion.

Order, entered January 12, 1962, reversed, on the law, with $20 costs and disbursements to the appellant, and the complaint dismissed as to the moving defendant.