**John Duke KISCH, Plaintiff,**

v.

**AMMIRATI & PURIS INC., Cadbury Schweppes Inc., Rose Holland House Inc. and Perry Ogden, Defendants.**

**No. 86 CIV. 0977 (PKL).**

United States District Court, S.D. New York.

April 3, 1987.

Ben C. Friedman, P.C., New York City (Ben C. Friedman, of counsel), for plaintiff.

Norwick & Schad, New York City (Tennyson Schad, of counsel), for defendant Ogden.

Satterlee & Stephens, New York City (Robert M. Callagy, William A. Simon, of counsel), for other defendants.

LEISURE, District Judge:

The complaint in this action seeks monetary damages, an injunction, and other relief for alleged copyright infringement in connection with a photograph used in an advertisement for Rose's Lime Juice. Plaintiff also asserts claims for violations of the Lanham Trade-Mark Act and for common law misappropriation and unfair competition. In his primary claim, plaintiff alleges that defendants' photograph infringed his copyright on a photograph which he made and published in 1982. Defendant Ammirati & Puris Inc. ("Ammirati") is an advertising agency located in New York. Defendants Cadbury Schweppes Inc. and Rose Holland House Inc. are corporations which market beverage products. Defendant Perry Ogden ("Ogden"), a photographer, took the photograph complained of at the request of Ammirati in 1985.

Defendants now move for summary judgment on all of plaintiff's claims. With respect to the copyright infringement action, defendants argue that as a matter of law there is no substantial similarity between plaintiff's photograph and Ogden's photograph. Memorandum of Law in Support of Motion for Summary Judgment at 3. For the purposes of this motion, defendants concede access to plaintiff's work. *Id.* In addition, it is undisputed that both plaintiff's photograph and Ogden's photograph were taken at the Village Vanguard, a nightclub in Manhattan, and that the same mural appears in the background of each work.

## I. *Copyright Infringement*

The legal principles governing defendants' motion are well-settled although their application to a situation involving two photographs with some of the same visual

elements is atypical. "[A] court may determine non-infringement as a matter of law on a motion for summary judgment, either because the similarity between two works concerns only '*non* -copyrightable elements of the plaintiff's work,' or because no reasonable jury, properly instructed, could find that the two works are substantially similar." *Warner Bros. Inc. v. American Broadcasting Cos., Inc.*, 720 F.2d 231, 240 (2d Cir.1983) (citations omitted). *Accord Walker v. Time Life Films, Inc.*, 784 F.2d 44, 48 (2d Cir.), *cert. denied,* — U.S. —, 106 S.Ct. 2278, 90 L.Ed.2d 721 (1986).

### A. *Copyrightable Elements*

When copyright infringement is alleged, "the analysis must first be to determine exactly what the [plaintiff's] copyright covers, and then to see if there has been an infringement thereof." *Axelbank v. Rony*, 277 F.2d 314, 317 (9th Cir.1960). It is a general rule that "[a] copyright does not give to the owner thereof an exclusive right to use the basic material, but only the exclusive right to reproduce his individual presentation of the material." *Rochelle Asparagus Co. v. Princeville Canning Co.*, 170 F.Supp. 809, 812 (S.D.Ill.1959). *See F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 193 F.2d 162, 164 (1st Cir.1951) ("[C]opyright on a work of art does not protect a subject, but only the treatment of a subject."), *aff'd,* 344 U.S. 228, 73 S.Ct. 222, 97 L.Ed. 276 (1952). *Cf. Walker*, 784 F.2d at 50 (often-recurring themes not copyrightable "except to the extent they are given unique—and therefore protectible—expression in an original creation"). Accordingly, "the fact that the same subject matter may be present in two paintings does not prove copying or infringement." *Franklin Mint Corp. v. National Wildlife Art Exchange, Inc.*, 575 F.2d 62, 65 (3d Cir.), *cert. denied,* 439 U.S. 880, 99 S.Ct. 217, 58 L.Ed.2d 193 (1978). "As Justice Holmes stated: 'Others are free to copy the original [subject matter]. They are not free to copy the copy.' " *Id.* (quoting *Bleistein v. Donaldson Lithographing Co.*, 188 U.S. 239, 249, 23 S.Ct. 298, 299, 47 L.Ed. 460 (1903)). *Accord Time Inc. v. Bernard Geis*, 293 F.Supp. 130, 141 (S.D.N.Y.1968).

Therefore, in cases involving photographs, a "[p]laintiff's copyrights cannot monopolize the various poses used," and "can protect only [p]laintiff's particular photographic expression of these poses and not the underlying ideas therefor." *International Biotical Corp. v. Associated Mills, Inc.*, 239 F.Supp. 511, 514 (N.D.Ill. 1964). The copyrightable elements of a photograph have been described as the photographer's "original" "conception" of his subject, not the subject itself. *Pagano v. Charles Beseler Co.*, 234 F. 963, 964 (S.D. N.Y.1916). *See also Gross v. Seligman,* 212 F. 930, 931 (2d Cir.1914) (Photographer's "exercise of artistic talent" makes work a proper subject of copyright.). *Cf. Axelbank*, 277 F.2d at 317 (protection limited to "new and original contribution of the author"). In particular, the copyrightable elements include such features as the photographer's selection of lighting, shading, positioning and timing. *Pagano*, 234 F. at 964. *See also* 1 *Nimmer on Copyright* § 2.08[E][1] at 2–111 (1986) (hereinafter referred to as "Nimmer") (angle of photograph, lighting, timing); *Seligman*, 212 F. at 931 (pose, background, light, shade); *Bernard Geis Associates*, 293 F.Supp. at 143 (type of camera, film and lens, area in which pictures taken, positioning of camera).

### B. *Substantial Similarity*

To prove infringement, a plaintiff holding a valid copyright "must show that his [work] was 'copied,' by proving access and substantial similarity between the works, and also show that his expression was 'improperly appropriated,' by proving that the similarities relate to copyrightable material." *Walker*, 784 F.2d at 48 (citations omitted). The Court of Appeals for the Second Circuit thus follows a two-part test for similarity under the rule of *Arnstein v. Porter*, 154 F.2d 464, 468 (2d Cir.1946). *Walker*, 784 F.2d at 51. The *Arnstein* test draws "a distinction between noninfringing 'copying,' on the one hand, which may be inferred from substantial similarities between the two works, and infringing 'illicit copying,' on the other, which demands that

such similarities relate to protectible material." *Id.*

Under *Arnstein,* 'the trier of the facts must determine whether the similarities are sufficient to prove *copying.* On this issue, analysis (dissection) is relevant, and the testimony of experts may be received.... If copying is established, then only does there arise the second issue, that of *illicit copying* (unlawful appropriation). On that issue ... the test is the response of the ordinary lay [observer]; accordingly, on that issue, 'dissection' and expert testimony are irrelevant.

*Id.* (quoting *Arnstein,* 154 F.2d at 468) (emphasis added in *Walker* ). The "ordinary observer" or "lay audience" test inquires whether an average lay observer would " 'recognize the alleged copy as having been appropriated from the copyrighted work.' " *American Greetings Corp. v. Easter Unlimited, Inc.,* 579 F.Supp. 607, 614 (S.D.N.Y.1983) (citation omitted). *Accord Past Pluto Productions Corp. v. Dana,* 627 F.Supp. 1435, 1443 (S.D.N.Y. 1986). In a case involving copyrighted designs, Judge Learned Hand framed the question as whether the "ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same." *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.,* 274 F.2d 487, 489 (2d Cir. 1960). *Cf. First American Artificial Flowers, Inc. v. Joseph Markovits Inc.,* 342 F.Supp. 178, 186 (S.D.N.Y.1972) (Comparison of two works involves a "closer inspection, more attentive to detail" than a mere "generalized impression," but "still no more than could reasonably be expected of a lay" or ordinary observer.).

Courts have noted the difficulties involved in application of the foregoing principles. *See, e.g., Peter Pan Fabrics,* 274 F.2d at 489.

Troublesome, too, is the fact that the same general principles are applied in claims involving plays, novels, sculpture, maps, directories of information, musical compositions, as well as artistic paintings. Isolating the idea from the expression and determining the extent copying required for unlawful appropriation necessarily depend to some degree on whether the subject matter is words or symbols written on paper, or paint brushed onto canvas.

*Franklin Mint Corp.,* 575 F.2d at 65. *See also Warner Bros.,* 720 F.2d at 241 (acknowledging "tension" from application of rules formulated for literary works to graphic and three-dimensional art). A recurring paradox involves the attention that courts give both to similarities and differences in the disputed works. *Warner Bros.,* 720 F.2d at 241. With respect to this issue, the Court of Appeals for the Second Circuit recognizes not only "that 'a defendant may legitimately avoid infringement by intentionally making sufficient changes in a work which would otherwise be regarded as substantially similar to that of the plaintiff's,' " *id.* (quoting 3 Nimmer § 13.03[B] at 13–43, but also that " 'numerous differences tend to undercut substantial similarity,' " *id.* (citation omitted). Particularly with respect to a "graphic or three-dimensional" work, which is created to be perceived as an entirety, "[s]ignificant dissimilarities ... inevitably lessen the similarity that would otherwise exist between the total perceptions of the two works." *Id.*

### C. *Defendants' Motion*

"Although the issue of substantial similarity is clearly a factual one," after comparing the works at issue, a court may properly grant summary judgment for defendants " 'on the ground that as a matter of law a trier of fact would not be permitted to find substantial similarity.' " *Durham Industries, Inc. v. Tomy Corp.,* 630 F.2d 905, 918 (2d Cir.1980) (quoting 3 Nimmer § 12.10 at 12–70. In other words, "the lack of substantial similarity between the *protectible* aspects of the works [must be] 'so clear as to fall outside the range of disputed fact questions' requiring resolution at trial." *Walker,* 784 F.2d at 48 (emphasis added) (citation omitted). *See also Arthur v. American Broadcasting Cos., Inc.,* 633 F.Supp. 146, 148 (S.D.N.Y. 1985). In a court's comparison, "the works themselves supersede and control any contrary allegations of the parties." *Decora-*

*tive Aides Corp. v. Staple Sewing Aides Corp.*, 497 F.Supp. 154, 157 (S.D.N.Y.1980) (citation omitted), *aff'd,* 657 F.2d 262 (2d Cir.1981). Professor Nimmer was of the opinion that

> [u]pon such motions by a defendant the courts must guard against a tendency to assume that the nature of the similarity between the two works indicates that in fact copying did not occur. Such motions should be granted only if the court finds that assuming copying, any similarity between the works is insubstantial.

3 Nimmer § 12.10 at 12–71 to 12–72.

The Court has found no precedent, and the parties have cited none, which is substantively and procedurally on all fours with the instant case. It has been recognized, however, that where a photographer "in choosing subject matter, camera angle, lighting, etc., copies and attempts to duplicate all of such elements as contained in a prior photograph," then even though "the second photographer is photographing a live subject rather than the first photograph ... [s]uch an act would constitute an infringement of the first photograph...." 1 Nimmer § 2.08[E][1] at 2–112. An old case in the Court of Appeals for the Second Circuit applied this rule where the Court discerned "many close identities of pose, light, and shade, etc." even though it acknowledged that the "eye of an artist or a connoisseur will, no doubt, find differences" between the two photographs. *Seligman,* 212 F. at 931. On the other hand, if the elements of an earlier photograph are "by chance" duplicated subsequently by another photographer, the new photograph will not be held to infringe the earlier one because others are "entirely free to form [their] own conception" of the subject matter. *Id.*[1] *Cf.* 1 Nimmer § 2.08[E][1] at 2–112.

■ Turning to a comparison of the two photographs involved in this case, there are differences between the works, to be sure.

For example, plaintiff's photograph is in black and white while defendants' is in color. Plaintiff's photograph is of an unidentified woman while defendants' is of musician John Lurie. The woman in plaintiff's photograph is holding a concertina while John Lurie is holding a saxophone. A bottle of lime juice and a portion of a table appear only in defendants' photograph. There are also many similarities. Most noticeably, the two photographs were taken in the same small corner of the Village Vanguard nightclub. The same striking mural appears as the background for each photograph. Both John Lurie and the woman in plaintiff's photograph are seated and holding a musical instrument. In addition, the lighting, camera angle, and camera position appear to be similar in each photograph. The Court concludes that a rational trier of fact could find sufficient similarities to prove "copying." *See Arnstein,* 154 F.2d at 468, *quoted in Walker,* 784 F.2d at 51.

A closer question is posed with respect to the issue of "illicit copying (unlawful appropriation)" under the "ordinary observer" test. *See id.* Still, the Court is unable to conclude that a rational trier of fact would not be permitted to find substantial similarity relating to protectible material. *See Walker,* 784 F.2d at 48; *Durham Industries, Inc.,* 630 F.2d at 918. Significantly, a rational trier of fact would be permitted to find that the underlying tone or mood of defendants' photograph was similar to the original conception expressed in plaintiff's work. Accordingly, defendants' motion to dismiss plaintiff's claim for copyright infringement is denied.

## II. *Plaintiff's Other Claims*

Defendants have also moved to dismiss plaintiff's claim under § 43(a) of the Lanham Trade-Mark Act. Defendants' argument on this point is premised on the assumption that defendants' advertisement does not infringe plaintiff's copyright. *See*

---

1. *Cf. Franklin Mint Corp.,* 575 F.2d at 65. In *Franklin Mint Corp.,* the Court of Appeals for the Third Circuit stated that "an artist who produces a rendition with *photograph-like* clarity and accuracy may be hard pressed to prove unlawful copying by another who uses the same subject matter and the same technique." *Id.*

(emphasis added). The Court explained that "[a] copyright in that circumstance may be termed 'weak' ... since the expression and the subject matter converge." *Id.* Of course, the convergence would be even greater in the case of an actual photograph.

Reply Memorandum of Law in Support of Motion for Summary Judgment at 6. In view of the Court's conclusions with respect to plaintiff's copyright claim, defendants' motion to dismiss plaintiff's action under § 43(a) of the Lanham Act is denied. *See Walker*, 784 F.2d at 52; *Warner Bros.*, 720 F.2d at 246.

Finally, defendants have argued that plaintiff's claims of unfair competition and misappropriation under New York law are preempted by the Copyright Act of 1976, 17 U.S.C.A. § 301 (West 1977). It is clear that plaintiff's cause of action under the misappropriation branch of unfair competition is preempted by the federal copyright laws to the extent it seeks protection against copying of plaintiff's work. *Walker*, 784 F.2d at 53; *Warner Bros.*, 720 F.2d at 247. However, to the extent that plaintiff relies on state unfair competition law to allege a tort of "passing off," plaintiff is not asserting rights equivalent to those protected by copyright and therefore does not encounter preemption. 720 F.2d at 247. Defendants have not argued that plaintiff's state law claims fail on the merits, and the Court does not address this issue.

SO ORDERED.