Penny GENTIEU, Plaintiff,

v.

JOHN MULLER & COMPANY, INC., and North Kansas City Hospital, Defendants.

No. 88–0607–CV–W–5.

United States District Court, W.D. Missouri, W.D.

March 20, 1989.

Edward C. Greenberg, New York City, and James V. Stanley, Kansas City, Mo., for plaintiff.

Roy A. Larson, Morris & Larson, and George E. Leonard, Shughart, Thomson & Kilroy, Kansas City, Mo., for defendants.

ORDER

SCOTT O. WRIGHT, Chief Judge.

Pending before the Court are defendants North Kansas City Hospital's and John Muller & Company's motions for summary

judgment on plaintiff's claim for copyright infringement. For the following reasons, said motions are granted.

## I. *Facts*

The facts in this case are for the most part undisputed. Defendant North Kansas City Hospital (hereinafter "NKC") regularly conducts advertising campaigns to promote the services it offers. The methods of promotion include brochures, television commercials and billboards. The promotions at issue in this case were created by the defendant John Muller & Company (hereinafter "Muller"). NKC and Muller entered into yearly contracts which provided that NKC would pay to Muller a negotiated price for the development of the various advertising campaigns used by NKC.

In 1985, Muller produced a brochure for the Maternity Care Unit of NKC entitled "How to Know What to Expect When You Deliver." The brochure was approximately seven pages in length and described the various services and perks available from the NKC Maternity Unit. One of the many pictures contained in the brochure was that of a naked baby. The baby is isolated on the page and the photo is devoid of any background or props. The parties describe the photo as a "floating naked baby" and the characterization presents a good verbal picture of the photograph. The photograph was taken in 1985 by a local Kansas City photographer, Rick Nible, who has recently been added as a party-defendant.

In January of 1986, John Muller presented NKC with the concept of another brochure that would contain several pictures of naked babies who, once again, would appear to be floating or suspended in air. Above each picture would be a quote or statement made by the baby describing the care he or she received at the NKC Maternity Unit. This concept was intended to correspond with an earlier NKC television commercial and billboard advertisement that utilized the concept of talking babies.

After detailing the concept to NKC, John Muller, the President of Muller & Company, noticed a display of photographs of floating naked babies in the January, 1986 edition of *American Photography Maga-zine*. John Muller contacted the plaintiff, the photographer, and requested slides of her photographs for possible use in the 1986 brochure. Muller believed the use of pre-existing photos would reduce the cost of producing the brochure.

Plaintiff delivered a total of 78 slides to John Muller from January 22 to March 3 of 1986. In late April or May of 1986, NKC determined plaintiff's photographs could not be used because the babies' genitals were exposed in many of the photographs. Confronted with the need to produce workable photos, John Muller contacted Rick Nible—the photographer who took the floating baby photograph for the 1985 NKC brochure—and requested that he produce photographs of floating babies for the 1986 brochure. The 1986 brochure was completed using ten photographs of floating babies taken by defendant Nible.

Plaintiff alleges that the photographic images created by her and in which she retains sole copyright ownership were delivered to, and subsequently copied by and on behalf of the defendants who then distributed the copied photos in their 1986 brochure.

Defendants' motions for summary judgment center on two distinct arguments. First, defendants argue that because the plaintiff's photographs add nothing to the idea of a "naked baby", she is not entitled to copyright protection for anything but exact copying. The defendants contend the plaintiff's photos and the subject photos are obviously not identical and, consequently, they are entitled to judgment as a matter of law. Second, defendants argue that because defendant Nible had already photographed similar photos before plaintiff's photos were published, the plaintiff cannot claim an infringement of her photos by Nible. These arguments will be addressed in turn.

## II. *Unity of Expression and Idea*

In *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Supreme Court explained that the burden on the party moving for summary judgment is only to demonstrate to the

District Court that the record does not disclose a genuine dispute on a fact material to the disposition of the case. *Id.*, 106 S.Ct. at 2554. This locution was obviously meant to liberalize the mindset of District Courts on the use of summary judgment. Rather than an instrument to be used only in the most extreme of circumstances, "the motion for summary judgment can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing court's trial time for those cases that really do raise genuine issues of material fact." *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir.1988).

In a copyright case "[a] court may determine noninfringement as a matter of law on a motion for summary judgment, either because the similarity between the two works concerns only 'non-coprightable elements of the plaintiff's work,' or because no reasonable jury, properly instructed, could find that the two works are substantially similar." *Warner Bros., Inc. v. American Broadcasting Co., Inc.*, 720 F.2d 231, 240 (2nd Cir.1983) (citations omitted).

## A. *Copyrightable Elements*

■ When infringement is alleged, "the analysis must first be to determine exactly what the [plaintiff's] copyright covers, and then to see if there has been an infringement thereof." *Axelbank v. Rony*, 277 F.2d 314, 317 (9th Cir.1960). It is well-established that copyright protection does not extend to the idea underlying the work; only the particular expression of the idea by the artist is protected. Ideas, therefore, cannot be infringed. *Worth v. Selchow & Righter Co.*, 827 F.2d 569, 572 (9th Cir. 1987) (ideas alone are not copyrightable) *cert. denied* — U.S. —, 108 S.Ct. 1271, 99 L.Ed.2d 482 (1988); *see also* 17 U.S.C. § 102(b) ("In no case does copyright protection ... extend to any idea.").

In this vein then, it is a general rule that "[a] copyright does not give the owner ... an exclusive right to use the basic material, but only the exclusive right to reproduce his individual presentation of the material."

*Kisch v. Ammirati & Puris, Inc.*, 657 F.Supp. 380, 382 (S.D.N.Y.1987) (citations omitted). Accordingly, "[t]he fact that the same subject matter may be present in two [works] does not prove copying or infringement." *Franklin Mint Corp. v. National Wildlife Art Exchange, Inc.*, 575 F.2d 62, 65 (3d Cir.) *cert. den.* 439 U.S. 880, 99 S.Ct. 217, 58 L.Ed.2d 193 (1978) (identical subject matter in two paintings).

Therefore, in cases involving photographs, a plaintiff cannot copyright the subject matter of a photo and a "[p]laintiff's copyrights cannot monopolize the various poses used," and "can protect only [p]laintiff's particular photographic expression of those poses and not the underlying ideas therefore." *Kisch*, 657 F.Supp. at 382 (quoting *International Biotical Corp. v. Associated Mills, Inc.*, 239 F.Supp. 511, 514 (N.D.Ill.1964)). The copyrightable elements, therefore, include the photographer's selection of background, lights, shading, positioning and timing. *Burrow–Giles Lithographic Co. v. Sarony*, 111 U.S. 53, 4 S.Ct. 279, 282, 28 L.Ed. 349 (1884). *See also Time, Inc. v. Bernard Geis Assoc.*, 293 F.Supp. 130, 143 (S.D.N.Y.1968) (type of camera, film and lens, area in which picture taken, positioning of camera, timing); 1 *Nimmer on Copyrights* § 2.08[E][1] at 2–122 (1988) (hereinafter "Nimmer") (angle of photograph, lighting and timing).

■ In the case at bar, the plaintiff cannot claim a copyright on the idea of photographing naked babies. Neither can the poses in which those babies are photographed be the proper material for copyright. An artist "can claim to 'own' only an original manner of expressing ideas ...," not the ideas themselves. *Cooling Systems and Flexibles v. Stuart Radiator, Inc.*, 777 F.2d 485, 491 (9th Cir.1985). It follows, then, that the plaintiff cannot succeed with the present infringement action simply because the defendants photographed naked babies in various poses. *Cf. Mazer v. Stein*, 347 U.S. 201, 218, 74 S.Ct. 460, 471, 98 L.Ed. 630 ("[r]espondents may not exclude others from using statuettes of human figures in table lamps"), *reh'g de-*

*nied* 347 U.S. 949, 74 S.Ct. 637, 98 L.Ed. 1096 (1954). She must establish a copying of her technique used to create the images of her "floating naked babies."

### B. *Substantial Similarity*

Determining whether two independent works are substantially similar is a two-step process. First, the Court must determine if there has been a "copying" of the copyrightable elements of a protected work. *Arnstein v. Porter*, 154 F.2d 464, 468 (2nd Cir.1946). This step calls for "dissection" of the work to determine if there are sufficient similarities in the copyrightable aspects of a work to find the defendant has "copied" the work. This step serves two important functions. First, the Court can identify those aspects of the expression not necessarily mandated by the idea it embodies. Second, the Court can determine, in at least a general way, those aspects of the work that are protected by copyright and that should be considered by the trier of fact in determining if the copyrighted elements of the two works are "substantially similar"—the second prong of the *Arnstein* test. *Concrete Machinery Co., Inc. v. Classic Lawn Ornaments, Inc.*, 843 F.2d 600, 608–09 (1st Cir.1988).

It is under the first prong of the test that the Court should determine whether the idea and expression embodied in a work are so inseparable that copying of the work is permitted as a matter of law, or that because the idea and expression have merged in a particular work that only an exact reproduction of the copyrightable aspects of a work will justify a finding of infringement. *Id.* at 609, n. 9.

Defendants contend that idea and expression have indeed merged in the subject works and, accordingly, the plaintiff is only protected against exact copying. Defendants further contend that it is obvious by comparison that the subject works are not identical and, therefore, they are entitled to judgment in their favor as a matter of law. Some background is necessary to address this argument.

Some ideas permit only a limited number of expressions. When there is essentially only one way to express an idea, the idea and its expression are inseparable and copyright is no bar to copying the expression. *See e.g., Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738 (9th Cir. 1971) (idea of "jeweled bee pin" inseparable from expression of "jeweled bee pin" and thus copying of the expression is not prohibited).

When the idea and its expression are not completely inseparable, there may still be only a limited number of ways of expressing the idea. In such cases, the plaintiff may need to establish "near identity" between the works at issue. *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1167 (9th Cir.1977). This is necessary because, as idea and expression merge, fewer and fewer aspects of a work embody a unique and creative expression of the idea. *See e.g., Rockford Map Publishers v. Directory Service Co. of Colo., Inc.*, 768 F.2d 145, 148 (7th Cir.1985) ("copyright covers, after all, only the incremental contribution and not the underlying information"), *cert. denied* 474 U.S. 1061, 106 S.Ct. 806, 88 L.Ed.2d 781 (1986) (citation omitted); *Universal Athletic Sales Co. v. Salkeld*, 511 F.2d 904, 908 (3rd Cir.) (test of appropriation "necessarily varies" with amount of creativity in copyrighted work), *cert. denied* 423 U.S. 863, 96 S.Ct. 122, 46 L.Ed.2d 92 (1975).

As the Ninth Circuit Court of Appeals, speaking through Judge Carter explained:

> The idea and the expression will coincide when the expression provides nothing new or additional over the idea ... Returning to our own example, the idea of a plaster statute [sic] of a nude will probably coincide with the expression of that idea when an inexpensive manufacturing process is used. There will be no separately distinguishable features in the statute's [sic] expression over the idea of a plaster nude statute [sic].
>
> The complexity and artistry of the expression of an idea will separate it from even the most banal idea. Michaelangelo's David is, as an idea, nothing more than a statute [sic] of a nude male. But no one would question the proposition

that if a copyrighted work it would deserve protection even against the poorest of imitations. This is so because so much more was added in the expression over the idea.

When idea and expression coincide, there will be protection against nothing other than identical copying of the work.

*Sid & Marty Krofft Television,* 562 F.2d at 1168.

■ In the case at bar, the plaintiff, in using her copyrighted expression (lighting, choice of background, camera angle, etc.) has not expanded on the idea of a photograph of a naked baby any more than the sculptor who adds nothing to the idea of a plaster nude statute. This is not meant to minimize the plaintiff's work in any way; its simplicity is its creativity. However, by utilizing her expression in such a way as to create a naked baby and nothing else the plaintiff limits her copyright protection to the identical copying of the copyrightable elements of her work. *Id.* Compare *Kisch v. Ammirati & Puris, Inc.,* 657 F.Supp. 380 (S.D.N.Y.1987) (expression of photograph added much over the idea. Therefore, test is "substantial similarity" of copyrightable elements).

However, this conclusion does not entitle defendants to judgment as a matter of law. It has been recognized that where a photographer "[i]n choosing subject matter, camera angle, lighting, etc., copies and attempts to duplicate all of such elements as contained in a prior photograph," then even though "[t]he second photographer is photographing a live subject rather than the first photograph ... [s]uch an act would constitute an infringement of the first photograph...." 1 Nimmer § 2.08[E][1] at 2–123–24.

Accordingly, if defendant Nible had, after exposure to the plaintiff's work, attempted to reproduce the copyrightable elements of the plaintiff's work an infringement could be proved. Assuming Nible had never before taken pictures of babies, a material issue of fact would be present as to the similarity of the techniques used in the subject photos. Accordingly, defendants' motion on this ground would have to

be denied. However, as Section III herein will explain, I believe the fact that Nible had previously used the idea and technique present in the subject photos before he could be argued to have been exposed to the plaintiff's photos justifies granting summary judgment in favor of all defendants in this case.

### III. *Artist's Return to a Theme*

■ Addressing a similar scenario, the court in *Kisch v. Ammirati & Puris, Inc., supra,* stated:

> [I]f the elements of an earlier photograph are "by chance" duplicated subsequently by another photographer, the new photograph will not be held to infringe the earlier one because others are "entirely free to form [their] own conception" of the subject matter.

*Kisch,* 657 F.Supp. at 384 (citations omitted). *Cf.* 1 Nimmer § 2.08[E][1] at 2–123.

In *Franklin Mint Corp. v. National Wildlife Art Exchange,* 575 F.2d 62 (3rd Cir.1978), the Third Circuit explained that artists need the freedom to return to previous subjects and techniques they have developed:

> There was also testimony on the tendency of some painters to return to certain basic themes time and time again. Winslow Homer's Schoolboys, Monet's Facade of Rouen Cathedral and Bingham's Flatboat Characters were cited. Franklin Mint relied upon the examples of "variations on a theme" as appropriate examples of the freedom which must be extended to artists to utilize basic subject matter more than once. National vigorously objects to the use of such a concept as being contrary to the theory of copyright. We do not find the phrase objectionable, however, because a "variation" is probably not a copy and if a "theme" is equated with an "idea" it may not be monopolized. We conceive of "variation on a theme," therefore, as another way of saying that an "idea" may not be copyrighted and only its "expression" may be protected.

*Id.* at 66.

It is undisputed that defendant Nible was photographing babies long before Ni-

ble was exposed to the plaintiff's work. Thus, Nible was entitled to continue to express his idea through the technique used to produce his 1985 "floating naked baby" irrespective of any similarity to the plaintiff's work. I have reviewed the 1985 photo and the 1986 brochure containing the subject photos and it is evident that the techniques Nible used in producing the photos are—if not identical—extremely similar. Accordingly, it can be said with certainty that the two artists at issue here must have developed their expression of "floating naked babies" independently. Perhaps the best way to couch the above in terms of the prima facie case of infringement would be to say that, as a matter of law, there was no "copying" of plaintiff's copyrightable technique by Nible because it cannot be disputed that his idea and expression thereto were developed prior to his exposure to plaintiff's work. As NKC and Muller's liability are predicated on an illicit copying by Nible, their motions for summary judgment will be granted.

It is hereby

ORDERED that defendants North Kansas City Hospital and John Muller & Company's motions for summary judgment are granted.