11-3711-cv (L)
Gordon v. McGinley

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of November, two thousand twelve.

PRESENT: JOHN M. WALKER, Jr.,
GERARD E. LYNCH,
*Circuit Judges,*
JOHN GLEESON,
*District Judge.**

—————————————————————————————

JANINE GORDON,
*Plaintiff-Appellant-Cross-Appellee*,

v.                                                                          11-3711 (L);
                                                                            11-3766 (XAP)

RYAN McGINLEY, LEVI STRAUSS & CO. INC.,
CHRISTOPHER PEREZ, RATIO 3 GALLERY,
TEAM GALLERY, INC., PETER HALPERT,
PETER HAY HALPERT FINE ART,
*Defendants-Appellees-Cross-Appellants*,

Jose Freire, Agnes Andree Margueri Trouble,
AKA Agnes B., Agnes B. Worldwide Inc.,
AKA CMC Agnes B.,
*Defendants.*

—————————————————————————————

---

* The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

| FOR PLAINTIFF-APPELLANT-CROSS-APPELLEE: | JANINE GORDON, *pro se*, Brooklyn, NY. |
| --- | --- |
| FOR DEFENDANT-APPELLEE-CROSS-APPELLANT RYAN McGINLEY: | JACK A. GORDON (Joshua B. Katz, *on the brief*), Kent, Beatty & Gordoll, LLP, New York, NY. |
| FOR DEFENDANT-APPELLEE-CROSS-APPELLANT LEVIS STRAUSS & CO, INC.: | Guy R. Cohen and Shirin Keen, Davis & Gilbert LLP, New York, NY. |
| FOR DEFENDANTS-APPELLEES-CROSS-APPELLANTS CHRISTOPHER PEREZ & RATIO 3 GALLERY: | NICOLE I. HYLAND (Edward H. Rosenthal, *on the brief*), Frankfurt, Kurnit, Klein & Selz, P.C., New York, NY. |
| FOR DEFENDANT-APPELLEE-CROSS-APPELLANT TEAM GALLERY, INC: | Margaret M. Brady and Ronnie L. Silverberg, Brady, Klein & Weissman, LLP, New York, NY. |
| FOR DEFENDANTS-APPELLEES-CROSS-APPELLANTS PETER HALPERT & PETER HALPERT FINE ART: | Jura C. Zibas and Scott M. Smedresman, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York, NY. |

Appeal from the order of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

Plaintiff-Appellant-Cross Appellee Janine Gordon, proceeding pro se, appeals from the district court's judgment dismissing her amended complaint for copyright infringement and related state law claims. Defendants-Appellants-Cross-Appellees ("defendants") appeal from that portion of the district court's judgment declining to exercise supplemental jurisdiction over Gordon's state law claims, brought pursuant to New York's General Business Law and New York common law. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**A.      Gordon's Appeal**

Our independent review of the record and relevant case law, including our de novo review of the 150 allegedly infringing images, convinces us that the district court properly granted defendants' motion to dismiss Gordon's federal copyright infringement claims, for substantially the same reasons stated by the court in its August 18, 2011, opinion and order.  See Gordon v. McGinley, No. 11-CV-1001, 2011 WL 3648606 (S.D.N.Y. Aug. 18, 2011).  Whether the "ordinary observer" test or the "more discerning observer" test is employed, the copyright infringement analysis involves a "common sense" determination, based solely on the works themselves, as to whether the allegedly infringing work is substantially similar to the copyrighted work, focusing on "total concept and overall feel." Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 66 (2d Cir. 2010).

This Court has long recognized that a photograph may comprise original expression subject to copyright protection.  See, e.g., Leibovitz v. Paramount Pictures Corp., 137 F.3d 109, 116 (2d Cir. 1998) ("[A photographer] is entitled to protection for such artistic elements as the particular lighting, the resulting skin tone of the subject and the camera angle that she selected."); Rogers v. Koons, 960 F.2d 301, 307 (2d Cir. 1992) ("Elements of originality in a photograph may include posing the subjects, lighting, angle, selection of film and camera, evoking the desired expression, and almost any other variant involved."); Gross v. Seligman, 212 F.2d 930, 931 (2d Cir. 1914) (noting the "exercise of artistic talent" reflected in "pose, light, and shade, etc.").  In light of the subtlety of these considerations, we disagree with the district court's suggestion that Gordon's claim was frivolous.  See Gordon, 2011 WL 3648606, at *1, 7.

3

Nevertheless, we ultimately conclude that, for the reasons articulated by the district court, the similarities between McGinley's allegedly infringing images and Gordon's copyrighted images are outweighed by the works' numerous and significant differences. We therefore affirm the district court's dismissal of Gordon's federal copyright claims.

**B.      Defendants' Cross-Appeal**

Defendants argue that the district court improperly declined to exercise supplemental jurisdiction over Gordon's state law claims, and should have instead dismissed those claims with prejudice as completely preempted by the Copyright Act. The "complete preemption" doctrine, where applicable, "substitutes a federal remedy for [a claim under state] law, thereby creating an exclusive federal cause of action." Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 305 (2d Cir. 2004). While district courts generally have discretion to decline to exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(c), where the state law claims are completely preempted by federal law such discretion is lacking. "[O]nce a district court determines that a state law claim has been completely preempted . . . the court must then dismiss the claim for failing to state a cause of action." Id. at 309. We therefore vacate the dismissal of Gordon's state law claims, and remand them to the district court to determine which of the claims are completely preempted by the Copyright Act, and only then to decide whether to "exercise supplemental jurisdiction over any state law claim surviving preemption." Phillips v. Audio Active Ltd., 494 F.3d 378, 392 (2d Cir. 2007).

4

## CONCLUSION

We have considered all of the parties' remaining arguments and find them to be without merit. We therefore **VACATE** the district court's judgment to the extent that it dismissed Gordon's state law claims, and **REMAND** with instructions that the district court determine which of those claims are preempted by federal law. In all other respects, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk